SUPERIOR INSURANCE COMPANY, Appellant,

v.

General MITCHELL, Appellee.

No. 16310.

Court of Civil Appeals of Texas.

Fort Worth.

March 16, 1962.

Rehearing Denied April 13, 1962.

Brown & Murray and M. Hendricks Brown, Fort Worth, for appellant.

Kouri, Banner & Darden and Jack G. Banner, Wichita Falls, for appellee.

MASSEY, Chief Justice.

This is a suit for Workmen's Compensation benefits. Claimant, General Mitchell, sought judgment in a lump sum for total incapacity for a period of 400 weeks at $35.00 per week. The jury returned a verdict finding a total disability period of 260 weeks and that claimant had not and would not sustain any period of partial disability. The jury also found that "manifest hardship and injustice will result if payments of compensation * * * are not paid in a lump sum". With discount of compound interest calculated, a judgment was entered on the verdict in the amount of $8,417.99 in a lump sum. The defendant, Superior Insurance Company, appealed.

Judgment affirmed.

In the court's charge to the jury the term "total disability" was defined as not implying " * * * an absolute disability to perform any kind of labor, but a person disqualified from performing the usual tasks of a workman in such a way as to enable him to procure and retain employment is regarded as being totally incapacitated or totally disabled." There was no objection to the definition.

Certain issues material for consideration were: No. 1, by answer to which the jury found that claimant was an employee of Austin Building Company on or about October 3, 1960; No. 2, by answer to which the jury found that claimant sustained an injury on said date; No. 3, by answer to which the jury found the injury to have been accidental; and No. 4, by answer to which the jury found the injury was received by the claimant in the course of his employment for the Austin Building Company.

The jury returned an affirmative or "yes" answer to Special Issue No. 5, which read as follows: "Do you find from a prepon-

derance of the evidence that the Plaintiff sustained any total disability following the injury, if any, inquired about in Special Issue No. 2?" Conditionally submitted under Special Issue No. 5 was Special Issue No. 6, which read: "Do you find from a preponderance of the evidence that the injury, if any, previously inquired about, was a producing cause of the Total disability, if any, sustained by the Plaintiff?" In answer thereto the jury found in the affirmative, or "yes".

The insurance company objected and excepted to the submission of Special Issue No. 5, as framed, charging that the language thereof amounted to a comment on the weight of the evidence, specifically in that it was an assumption by the court that the claimant had sustained some disability by reason of the claimed accident. Further, the company pointed out that the inquiry with reference to disability, and whether such disability was total, should be submitted in two separate issues, one inquiring as to whether any disability following the injury was sustained, and the other conditioned thereupon and inquiring whether such disability was total disability.

The company cites us to the provision of Texas Rules Civ. Proc. 277 "Special Issues", relative to the requirement that "such special issues shall be submitted distinctly and separately", and to the provision of T.R.C. P. 279 "Submission of Issues", relative to the requirement that the court "shall submit the controlling issues made by the written pleadings and the evidence". Based thereupon the company argues its contention that the mode of submission constituted reversible error under reasoning principles from the holdings of Johnson v. Zurich General Accident & Liability Ins. Co., 1947, 146 Tex. 232, 205 S.W.2d 353; Texas Employers' Ins. Ass'n v. White, 1930 (Tex.Civ.App., Beaumont), 32 S.W.2d 955, error refused; American General Insurance Company v. Coleman, 1956 (Tex.Civ.App., Beaumont), 297 S.W.2d 333, reversed on other grounds at 157 Tex. 377, 303 S.W.2d 370; Lumbermen's Reciprocal Ass'n v. Wilmoth, 1929 (Tex.

Com.App.), 12 S.W.2d 972; Thompson v. Robbins, 1957, 157 Tex. 463, 304 S.W.2d 111; Hutson v. Chambless, 1957, 157 Tex. 193, 300 S.W.2d 943; and Texas & Pacific Railway Company v. Van Zandt, 1958, 159 Tex. 178, 317 S.W.2d 528. None of the cases bear upon an inquiry by special issue identical to that here posed, to-wit: "did the claimant sustain any total disability following the injury?"

In City of Austin v. Powell, 1959 (Tex. Civ.App., Austin), 321 S.W.2d 924, 929, writ ref. n. r. e., the trial court had given the same definition of "total disability" that was given in the instant case, and the special issue submitted to the jury inquiring whether any total disability was thereafter sustained was identical to Special Issue No. 5 in the instant case. The objection in said case was that the issue did not inquire as to causal connection between the February injury and the resulting incapacity. It is noted that the jury, in answer to a subsequent issue, had found that the injury was a producing cause of the "total disability". The court said, "Any error in the submission of this issue (whether total disability was sustained following the injury) was harmless, since the only injury inquired about was the one in February, 1955."

In City of Austin v. Cook, 1960 (Tex. Civ.App., Austin), 333 S.W.2d 398, 403 (reversed on other grounds at 161 Tex. 294, 340 S.W.2d 482), the form of submission was criticized. The court said, "The word 'following' is inept and should not be used as employed in this issue. Its use might result in reversible error. All that we held in City of Austin v. Powell, Tex.Civ.App., 321 S.W.2d 924, was that no harm resulted from its use in the issue there under scrutiny." It is uncertain whether the court deemed that the situation posed a condition warranting a reversal, for it had already stated other grounds for its judgment of reversal and remand.

In reply to the argument presented by the company in the instant case, the claimant likewise argues under the principles of

reason, but cites only cases in which the inquiry posed was framed in language identical to that of the one here considered, with no attack made thereupon.

■ Although the question is not free from difficulty we are constrained to hold that the language of the issue, consideration given to the legal definition of "total disability", is not subject to the objection leveled. It did not amount to a comment or charge on the weight of the evidence. The point of error is overruled.

By points numbered 2, 3 and 4, the insurance company attacks the jury finding that claimant's disability would last 260 weeks, under assignments that there was no evidence to support such finding, an insufficiency of evidence to support the finding, and that the finding is contrary to the overwhelming weight and preponderance of the evidence. By point No. 5, coupled therewith, the company attacks as contrary to the weight and preponderance of the evidence the jury's negative finding (in answer returned to its defensive issue) that the claimant had not sustained any partial disability.

■ The points of error are overruled. Except as applied to the period of 260 weeks, during which the jury decided the claimant would experience total incapacity, the failure to find any partial disability was actually beneficial to the company and of this it could not complain. Its complaint, therefore, must be as to the 260 weeks during which the jury found the disability to be the total. As applied to this period we believe the testimony of the claimant, and certain additional testimony of expert medical witnesses, constituted adequate support for a return of the answers as to which complaint is made, and such answers were not against the great weight and preponderance of the evidence. The situation is not unlike that under consideration in the case of Angelina Casualty Company v. Spencer, 1958 (Tex.Civ.App., Beaumont), 310 S.W.2d 682, writ ref. n. r. e., which cites pertinent authorities. See also Texas Employers' Ins. Ass'n v. Robison, 1951 (Tex.Civ.App., Dallas), 241 S.W. 2d 339, writ ref. n. r. e.; and American General Insurance Company v. Florez, 1959 (Tex.Civ.App., Houston), 327 S.W.2d 643.

The company objected to the language of the special issue upon the matter of accelerated payments of future compensation. The issue read: "Do you find from a preponderance of the evidence that manifest hardship and injustice will result if payments of compensation, if any, due General Mitchell by the Superior Insurance Company are not paid in a lump sum?" The jury answered said issue in the affirmative, or "yes".

The 56th Legislature in 1959 amended the previous existing Vernon's Ann.Civ.St. art. 8306, sec. 15 "Lump sum settlement", so that the law in effect at time of the trial read as follows: "In cases where death or incapacity in any degree results from an injury, the liability of the association may be redeemed by the payment of a lump-sum by agreement of the parties thereto subject to the approval of the Industrial Accident Board. Where in the judgment of the Board *manifest hardship and injury* would otherwise result, the Board may compel the association to redeem the liability by payment of the award of the Board in a lump-sum * * *." (Emphasis supplied.) The law prior to the time of the amendment had merely provided for a lump sum payment in the case of death and total permanent incapacity in special cases wherein it was found that manifest hardship and injustice would otherwise result. The new amendment allowed lump sum in the case of incapacity in any degree but changed the requirements from "injustice" to "injury". It is the company's contention that before the claimant is shown to be entitled to a lump sum he must obtain a jury finding in the exact wording of the statute, and that since he has not done so in this case error is apparent.

■ We do not believe that the point is shown to have been one of which any proper complaint was timely made in the trial court,

and preserved for our attention. In the objections and exceptions to the charge the complaint of the issue in question was that there was no evidence, or, in the alternative, insufficient evidence to warrant its submission, and that under the law as applicable to the facts in the case a lump sum could not be allowed, and consequently that it was an immaterial issue. If the manner of submission of the issue amounted to error, the company was under the duty to afford the trial court the first full and fair opportunity to correct the same. In view of the limited complaint made in the trial court the judge thereof could not have known of the reason, advanced for the first time in this court, underlying the company's contention that the special issue was erroneously framed. The point is overruled.

■ By a final point of error the company complains of jury misconduct. To the motion for new trial there was appended no affidavit of any juror, nor any explanation or reason given for absence of such an affidavit. There was appended an affidavit of a claim adjuster who was present at time of the trial, assisting the attorney conducting the trial in behalf of the company. By his affidavit it was stated that certain papers were found in the jury room immediately after the trial judge received the jury's verdict, and the contention was that the writings and figures thereon demonstrated wrongful action on the part of the jury in the manner by which it arrived at the verdict. At the hearing of the motion for new trial there was no testimony offered from any juror who tried the case, nor explanation of why no such testimony was offered. Two witnesses testified, both being claim adjusters or attorneys who had assisted in the Company's conduct of the trial.

We believe that the circumstances posed by the condition in which the trial court found the motion for new trial were such that there would have been no abuse of discretion on the part of said court had he declined to hear testimony. The single affidavit attached to the motion, setting forth facts and conclusions drawn therefrom, demonstrates that the Company's allegations of misconduct were based upon suspicion and hope rather than upon any knowledge of the fact of misconduct. Said affidavit states that papers were found in the jury room after the verdict was returned on which calculations were found,—one showing 260 multiplied by 30 to equal $7,800.00, one showing a figure of 208 multiplied by 30 to equal $6,540.00, one showing calculations of "35 X 25" to equal 875, and still another showing 260 multiplied by 35 to equal a figure of 9,100. We believe that the affidavit fell short of a showing of "material jury misconduct". Roy Jones Lumber Co. v. Murphy, 1942, 139 Tex. 478, 163 S. W.2d 644.

■ The trial court did grant leave to the Company to put on evidence under the allegations of jury misconduct, and, as previously mentioned, the testimony was only from the company's claim adjusters or attorneys. The testimony shows suspicion or hope of misconduct and does not amount to proof thereof. There would be a necessity to first assume that the writings on the several pieces of paper, to which the testimony related, had not been in the jury room before the jury which tried the instant case began hearing evidence, or considering its verdict. The possibility that the papers were not left by a former jury in another case was not foreclosed. Further, it would be necessary to assume that individual jurors in the instant case had not only written upon the papers, but that knowledge thereof, and also as to what was written, was imparted to other persons on the jury at a time before the jury arrived at its verdict, rather than afterward. Even with such assumptions made, before the Company could be said to have made out a prima facie case of jury misconduct it would have been necessary to have evidence from some juror which would have connected the matters so assumed to affirmative action pursuant to misconduct of the jurors individually or collectively, in order to show any materiality. The burden of proof thereof was upon

the company, and this it could not be said to have discharged. See Bauguss v. Bauguss, 1945 (Tex.Civ.App., Dallas), 186 S.W.2d 384, writ dism. w. o. m., in which misconduct was asserted but no juror called to testify.

Judgment is affirmed.