**L. C. MILLER, Appellant,**

v.

**TEXAS EMPLOYERS' INSURANCE ASSOCIATION, Appellee.**

**No. 7396.**

Court of Civil Appeals of Texas, Beaumont.

Dec. 14, 1972.

Waldman, Smallwood, Johnson & Rafes, Beaumont, Lucas, Hudson & Gary, Houston, for appellant.

Weller, Wheelus, Green & Brocato, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action brought under the Workmen's Compensation Law. Trial was by jury and the trial court granted defendant's motion for instructed verdict at the close of plaintiff's evidence. The parties will be referred to here as they were in the trial court.

■ Defendant's motion for instructed verdict was based solely upon the ground that plaintiff had failed to prove that defendant had notice of injury as required by § 4a of Art. 8307, Vernon's Ann.Civ.St. Defendant's answer contained a sworn denial that plaintiff gave notice to his employer or to defendant within thirty days after his fall which is made the basis of this suit.

Plaintiff alleged "good cause" for failure to give notice of injury, but a written stipulation is part of our record that plaintiff abandoned the "good cause" pleadings and would rely solely on actual notice by his employer to satisfy the notice requirement.

Plaintiff fell from the bed of a truck approximately five feet to the ground. It is admitted that defendant's supervisors knew this incident occurred. Defendant's contention is that, under the circumstances of this case, knowledge that an incident occurred is not in itself notice of an injury, as required by the notice provision in the statute. From the briefs of the parties and our independent search, we have come to the conclusion that this is a question of first impression in this state.

This being a case in which a verdict was instructed for defendant, we must view the evidence in its most favorable light to the

plaintiff. The trial court could instruct a verdict only in the event there was no evidence which would have supported a jury finding that the required notice had been given. It must be kept in mind that the issue of "good cause" was removed from this case by stipulation of the parties. Also, it is not argued by defendant that a formal written notice of injury is required, or that knowledge of an injury would not be sufficient.

■ The wording of § 4a of Art. 8307, V.A.C.S., is that the association or subscriber must have notice of the injury within thirty days after the happening of an injury. We must assume the legislature knew the import of the words being used in this statutory provision. It is noted that in each instance the word used is "injury" and not "accident" or "incident".

In Art. 8306, § 20, V.A.C.S., injury is defined as follows:

"Wherever the terms 'Injury' or 'Personal Injury' are used in the Workmen's Compensation Law of this State, such terms shall be construed to mean damage or harm to the physical structure of the body and such diseases or infections as naturally result therefrom. . . . "

We now proceed to apply these statutory provisions to the factual situation revealed by the record in our case. The material evidence in this record is as follows: Plaintiff was about forty-seven years of age when this accident occurred. He had been employed by this employer about one and a half years at the time. He was a truck driver and his duties included loading and unloading the truck. On the day of this occurrence, plaintiff and another employee were engaged in unloading hideaway beds, sofas and chairs from a truck at the furniture store. Plaintiff was standing on the bed of the truck when he slipped and fell about five feet to the asphalt pavement below. He landed on either his side or back and kept his head from striking the pavement. He did not feel "anything at all" and "I didn't think I was hurt." Both his employer and supervisor were present and he talked with them after he fell. He immediately got up and walked. He was "kinda dizzy" and when they asked him if he was hurt, "I told them I didn't think I was." When they asked him if he wanted to go see a doctor, he told them he did not think so, that he thought he would be all right. He continued to unload the truck which took thirty to forty minutes. Every day or so after that, when they asked him how he was, he told them he was feeling pretty good and that was all. A week or so after his fall, his back and chest began hurting and he began to slow down. He was hurting but he did not want to stop working so he continued. He needed to support himself and his family. He was terminated the latter part of February, 1970, and was told he was not fast enough in his work. He never told his employer that he had been injured. He knew that he had to report an injury to get medical treatment through the insurance company and to draw compensation. He did not see a doctor on his own until March 2, 1970. He did not lose any time from work from the date of his injury until he was fired. He was a high school graduate and had completed two years of college work. He had been licensed as an insurance agent and had been engaged in that work for about ten years in earlier years. He did not tell his employer he wanted to see a doctor because he thought his pain would disappear and he needed the money.

Finding no Texas cases directly in point, we have made a study of cases in other states having similar workmen's compensation laws. 3 A. Larson, Workmen's Compensation Law § 78.31 Employer's Actual Knowledge of Injury (1971) and 12 W. Schneider, Workmen's Compensation Text § 2360 Knowledge of Employer (1959) are both helpful.

We have come to these several conclusions which not only help us solve our present problem, but also should be helpful to other courts when facing similar problems. First, we construe the word "injury" as used in § 4a of Art. 8307, V.A.C.S. to mean a "compensable injury". As applied to a general injury, as in the case before us, a compensable injury is one which is disabling for a period of time in excess of seven days. There are many mishaps, falls and minor accidents that result in no compensable injury. On the other hand, there are more spectacular injuries, the viewing of which would be knowledge as a matter of law that a compensable injury had been suffered. In between, there will be many accidents, the viewing of which by the employer would not be notice of compensable injury as a matter of law. The case before us falls into this category. The facts in the case before us do not establish, as a matter of law, either that the employer had notice or that the employer did not have notice of a compensable injury. Thus, a question of fact was raised for the jury's determination. The fact issues, upon which plaintiff has the burden of proof, is to decide from a preponderance of the evidence if the employer had facts that would lead a reasonable man to conclude that a compensable injury had been sustained by plaintiff in the accident which the employer saw. Some of the facts which the jury could consider in coming to a conclusion favorable to the plaintiff are that this forty-seven year old man fell some five feet from the bed of a truck, landing on his back or side on asphalt pavement, and that plaintiff began to slow down in his work within the thirty day notice period. There being evidence which would support a jury finding that the employer had actual knowledge that plaintiff sustained a compensable injury, the trial court erred in granting defendant's motion for instructed verdict.

Reversed and remanded.