**HOME INSURANCE COMPANY,**
**Appellant,**

v.

**Porfirio DeANDA, Appellee.**

**No. 5420.**

Court of Civil Appeals of Texas,
Eastland.

April 24, 1980.

Rehearing Denied May 22, 1980.

Van Huseman, Maddin, White, Huseman, Pletcher & Powers, Corpus Christi, for appellant.

Russell H. McMains, Edwards & Perry, Corpus Christi, for appellee.

DICKENSON, Justice.

The controlling question in this "occupational disease" case is whether or not the workman proved that notice of injury was given to the employer or insurance company within 30 days after "the happening of an injury" or "the first distinct manifestation of an occupational disease."[1] It should be noted that the date of the "cumulative injury," as to an occupational disease which is the result of repetitive physical traumatic activities, is the date "disability" is caused thereby.[2]

Porfirio DeAnda claimed worker's compensation benefits for the occupational disease of repetitious physical traumatic activity. Home Insurance Company denied liability and filed a verified denial as to the 30 day notice requirement. Following a trial by jury, judgment was rendered for DeAnda for total and permanent disability. Home Insurance Company appeals. We reverse and remand.

DeAnda suffered a low back injury on March 29, 1974, while he was working for Berry Contracting Company in Nueces County. He continued to work, off and on, for that same employer until December 28, 1974, which is the date he alleged that he suffered disability from the occupational disease of repetitious physical traumatic activity. He received worker's compensation benefits and medical treatment for the original injury of March 29, 1974, from a different insurance company. Home Insurance Company was not the worker's compensation carrier for Berry Contracting Company until the fall of 1974, and it denies any notice of DeAnda's occupational disease until January 21, 1975.

The jury found that DeAnda incurred an occupational disease in the course of his employment for Berry Contracting Company which was a producing cause of total incapacity which began on December 26, 1974, and which is permanent. There are no jury findings as to any temporary or partial incapacity prior to that date, but the record is clear that DeAnda missed work on a number of occasions in the fall of 1974 because of his back problems. He required medical treatment and bed rest during September and October of 1974. DeAnda testified that he had the same pain from March 29, 1974, until he quit in December and that he did not have any other injuries or accidents during the fall of 1974. He testified that he had pain every time that he worked at Berry Contracting Company after March 29, 1974. The evidence is clear that neither the employer nor Home Insurance Company knew of the occupational disease until January 21, 1975, when they were notified by DeAnda's lawyer. The problems in the fall were treated in connection with the other claim for compensation, and those bills were paid by the insurance company which had coverage on the earlier claim. The undisputed evidence shows that DeAnda had "disability" from the repetitious physical traumatic activity long prior to the time notice of the occupational disease was given. See *Employers Commercial Union Insurance Company v. Schmidt*, 516 S.W.2d 117 (Tex.1974).

There is no jury finding as to the date of "cumulative injury," which is defined by statute as the date on which disability is caused by repetitious physical traumatic ac-

---

1. Tex.Rev.Civ.Stat.Ann. art. 8307, § 4a (Vernon 1967).

2. Tex.Rev.Civ.Stat.Ann. art. 8306, § 20 (Vernon Supp.1980).

**126**

tivity.[3] Over timely objection, the jury was asked if Home Insurance Company or Berry Contracting Company had notice of such occupational disease within 30 days after "the disability" was caused thereby. The jury answered: "Yes."

If the jury found that the notice was given within 30 days after the date of total disability, that notice would not be sufficient because the claimant had "disability" prior to that date. If the jury found that notice was given earlier than January 21, 1975, there is no evidence to support the finding. The medical reports were addressed "To whom it may concern," and they were mailed to the carrier which had coverage for the injury of March 29, 1974.

The jury might well have found good cause to excuse the delay, but this issue was not submitted to them.

When Home Insurance Company filed its verified denial of notice in compliance with Tex.R.Civ.P. 93(n)(1), the burden was on DeAnda to plead and prove that his employer or Home Insurance Company knew of the occupational disease, or that he had given notice within the 30 days allowed, or that good cause existed to excuse his delay in giving notice.[4]

We hold that the 30 day notice period for an occupational disease resulting from repetitious physical traumatic activity begins when "any compensable disability" results. The date of "cumulative injury" for such an occupational disease is defined as "the date disability was caused" by the repetitious physical traumatic activities.[5] This does not mean the date of total disability. We construe this section to mean any compensable disability.

■ We sustain Appellant's Point of Error number 2 which contends that the trial court erred in failing to inquire of the jury as to the date on which disability was caused by the occupational disease incurred in the courts of DeAnda's employment for Berry Contracting Company. We also sustain appellant's Point of Error number 5 which contends that there is no evidence to support the finding that the employer or insurance carrier had notice of DeAnda's occupational disease within 30 days after any disability was caused thereby. We need not discuss the other points of error, for we believe that a new trial should be allowed in the interest of justice. *Morrow v. Shotwell*, 477 S.W.2d 538 (Tex.1972).

DeAnda cites *Texas Employers' Insurance Association v. Bradshaw*, 27 S.W.2d 314 (Tex.Civ.App.—San Antonio, writ refused), for the rule that the 30 day notice statute must be liberally construed, that any sort of actual notice to the employer or insurance carrier is sufficient, and that no particular manner or form of notice is required. We agree with those statements, but the statute is clear that such notice must be given within the 30 day period, unless good cause for delay is established. Tex.Rev.Civ.Stat.Ann. art. 8307, § 4a, supra; *Hotchkiss v. Texas Employers' Insurance Association*, 479 S.W.2d 336 (Tex.Civ. App.—Amarillo 1972, no writ).

The judgment of the trial court is reversed, and the cause is remanded.