Roy Arnold FAIRCHILD, Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, Appellee.

No. 17780.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 11, 1980.

Albert Lee Giddens, Pasadena, for appellant.

Fulbright & Jaworski, Richard M. Roberson, Houston, for appellee.

Before PEDEN, EVANS and WARREN, JJ.

WARREN, Justice.

This is an appeal from a take nothing judgment entered in a worker's compensation case.

In the trial court, appellant alleged that he suffered injuries to his back and neck as a result of an accident which occurred while he was employed by Americana Mail Advertising, Inc. (Americana). Appellee specifically denied that appellant sustained such an injury and denied that Americana had notice of an injury within 30 days.

On appeal, appellant alleges that the trial court improperly admitted certain evidence and improperly excluded certain admissible evidence. He also alleges that the answers of the jury finding that the employer did not have notice of the injury within 30 days and that appellant suffered no partial incapacity were supported by no evidence and, alternatively, that such answers were against the great weight and preponderance of the evidence. We will affirm.

On June 7, 1977, while appellant was a pressman for Americana, a stack of paper fell over on him knocking him to the floor. Earl Hart, his immediate supervisor, Earl Lucas, the president of the company and Charles Norwood, a fellow employee, were nearby and heard the paper hit the floor. Each of them approached the area where the paper had fallen and asked whether he was hurt, to which he answered that he thought he was fine. During the remaining period of his employment with Americana, appellant never notified or mentioned to anybody connected with the company that he was hurt as a result of the accident.

On or about July 22, appellant quit his job with Americana and accepted a job with Oak Creek Press. In November, while working at his job with Oak Creek Press, appellant slipped off a 1½ foot catwalk and about three weeks later visited a chiropractor who treated him for about a week. On December 5, he visited Dr. O. C. Mitchell, a neurological surgeon, who treated him conservatively for about a month and in January, 1978 performed an operation on his neck.

The jury found:

(1) that appellant sustained an injury in the course and scope of his employment with Americana,

(2) that the injury was the producing cause of temporary total incapacity,

(3) that the injury was not the producing cause of any partial incapacity,

(4) that the employer did not have notice of the injury within thirty days,

(5) that medical care was reasonably required,

(6) that defendant failed to furnish medical care, and,

(7) that the reasonable cost of such medical care was $4,930.95.

Based on these answers of the jury, the trial court entered a judgment that plaintiff take nothing.

Appellant's first and second points of error allege that the trial court erred in admitting into evidence the records of Dr. G. W. Lutwyler and of Graphic Arts Benefit Trust Group over the objection that a proper predicate had not been laid.

■ Defendant's Exhibits 2 and 6 consisted of records of Dr. Lutwyler and Graphic Arts Benefit Trust Group, respectively. Many months before trial, the custodians of the records had been subpoenaed to produce the records for copying and use in the trial of this case. These records were furnished, a copy was made, and an affidavit of the custodian was obtained in compliance with Sec. 5, art. 3737e, V.A.C.S. Shortly thereafter, the records and affidavits of the custodians were filed with the court and notice of filing was mailed to the attorney for appellant. Sec. 5, art. 3737e permits the custodian to make a sworn affidavit containing the predicate required to render the records admissible, in lieu of physically appearing in court. Although the affidavits were in the court's file, they were not attached to the records. Both exhibits were admitted into evidence over the objection of appellant, without the affidavits of the custodians being proven or attached to the records. At a later time during trial, appellee was allowed to prove up the affidavits. The affidavits substantially comply with the provisions of Sec. 5 and are very similar to the non-exclusive form suggested in Section 7 of art. 3737e. Appellant has not alleged or shown harmful error because of the admission of these exhibits but insists that the objections by

him and the conferences before the bench prejudiced the plaintiff's case because too much emphasis was placed upon the exhibits. We do not agree. Although the method used to prove the records is not approved, we can not say that the error, if any, was reasonably calculated to and probably did cause the rendition of an improper judgment.

■ Next appellant complains that the trial court erred in admonishing appellant's counsel from asking leading questions without an objection from opposing counsel. The incident complained of is as follows:

(Appellant's counsel)

Q. So it would be fair to say that your immediate supervisor had actually—.

The Court: Counsel, he objected once that you are leading your witness. Keep it in mind from now on.

Mr. Glidden: Yes, your honor. Was your employer aware that you had the accident?

The Court: Counsel, you are leading your witness.

Although the question as rephrased was not leading, the information regarding the employer's notice or lack of notice of an accident was fully developed by appellant and appellee. The admonishment by the court did not amount to a comment on the weight of the evidence as contended by appellant, nor was such admonishment harmful error. This point is overruled.

■ Appellant's fourth point of error complains that the trial court erred in sustaining an objection to the following question asked of Dr. Mitchell by appellant's counsel.

"Question: Okay. Doctor, as you know, this is a worker's compensation case, and what we are dealing with is a loss of earning capacity. Can you state for the jury or can you help the jury in their decision-making process by explaining to them what sort of disability or loss of earning capacity Mr. Fairchild may have, if any?"

As an expert in the medical field, a doctor may testify to loss of physical capacity, but the question above, inquiring as to the loss of earning capacity is one asking for a legal conclusion not within the realm of the doctor's expertise and was properly excluded. *Consolidated Casualty Insurance Co. v. Smith*, 309 S.W.2d 80 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e.). This point is overruled.

■ Appellant's fifth point of error alleges that the trial court erred in admitting portions of Dr. Mitchell's deposition, wherein Dr. Mitchell read an entire medical report prepared by him, over appellant's objection that no proper predicate had been laid for the report, and that the report spoke for itself, but that in and of itself was inadmissible. The report complained of, which was written by Dr. Mitchell on April 28, 1978, stated that appellant was seen in a follow up visit on April 28, 1978, that he was continuing to do well and was doing his back exercises, that this had lessened his back discomfort, that he was told he could continue working and return probably to large press duty and that the doctor would be glad to see him at anytime that his discomfort exacerbated. This information contained in the report is cumulative to and almost identical to testimony elicited from the doctor by appellant on direct examination. There is no error. *City of Sweetwater v. McEntyre*, 232 S.W.2d 434 (Tex.Civ. App.—Eastland 1950, writ ref'd n. r. e.), *Gulf, Colorado and Santa Fe Railway Co. v. DeLeon*, 373 S.W.2d 886 (Tex.Civ.App.— Eastland 1963, writ ref'd n. r. e.).

■ Appellant's sixth and seventh points of error allege that there was insufficient evidence and, alternatively, that there was no evidence to support the findings of the jury that Americana had no notice of appellant's injury within 30 days after its occurrence.

It is undisputed that appellant never gave anybody connected with Americana oral or written notice within 30 days that he had sustained an injury as a result of the accident of June 7, 1977. Each of the witnesses produced by appellee, including the president of the company, appellant's immediate supervisor and a fellow worker denied that appellant ever even mentioned that he had been hurt. Even appellant did not testify that he notified anyone of the injury within 30 days.

Appellant urges that since his supervisor and the president of the company were aware of the accident it relieved him of the obligation to notify his employer that he had sustained an injury. This is true in cases where the injury is apparent or there was evidence which would show that the employer had actual knowledge of the injury. *Miller v. Texas Employer's Insurance Association*, 488 S.W.2d 489 (Tex.Civ.App.— Beaumont 1972, writ ref'd n. r. e.). But in our case, the record is void of any evidence which would show that the employer had actual knowledge of appellant's injury. Appellant exhibited no signs of injury, he sought no medical treatment for any ailment, he missed no time from work, nor did he even mention that he suffered in any way from the accident. Further, the accident was minor, rather than one in which it could be reasonably expected that appellant would receive any injury. These points are overruled.

The judgment is affirmed.