Porfirio DeANDA, Petitioner,

v.

HOME INSURANCE COMPANY, Respondent.

No. B–9564.

Supreme Court of Texas.

Dec. 31, 1980.

Edwards & Perry, Russell H. McMains and Anthony F. Constant, Corpus Christi, for petitioner.

Maddin, White, Huseman, Pletcher & Powers, F. Van Huseman, Corpus Christi, for respondent.

McGEE, Justice.

This action for workers' compensation was brought by Porfirio DeAnda against his employer's insurance carrier, Home Insurance Company, to recover for a back injury occasioned by an occupational disease resulting from repetitious physical traumatic activity. The trial court rendered judgment on a jury verdict for Mr. DeAnda for total and permanent incapacity. The court of civil appeals reversed the judgment and remanded the cause to the trial court. 599 S.W.2d 124.

The primary question presented is whether there is legally sufficient evidence to support the jury's finding that Mr. DeAnda gave timely notice under the applicable provisions of the Texas Workers' Compensation Act. We have concluded that the record reveals some evidence to support the jury's finding and we reverse the judgment of the court of civil appeals and affirm that of the trial court.

Mr. DeAnda sued Home Insurance Company for total and permanent workers' compensation benefits allegedly due him as the result of the occupational disease of repetitious physical traumatic activity that was incurred while working for Berry Contracting Company in December, 1974. He also sought recovery for medical expenses attributable to such occupational disease. He plead that he had given the necessary notice and, therefore, properly invoked the jurisdiction of the trial court. He also plead that good cause existed to excuse notice but that issue is not in this case.

Home Insurance Company answered by sworn denial alleging that Mr. DeAnda had failed to comply with the 30-day notice requirement in article 8307, § 4a.[1] This placed the burden on Mr. DeAnda to establish that his employer or Home Insurance Company had notice within the statutory time limit. Tex.R.Civ.P. 93(n)(1).

Mr. DeAnda worked for Berry Contracting Company (Berry) as a welder's helper in 1974. On March 29, 1974, he injured his back lifting steel. That same day he told Geraldine Lott, the industrial nurse for Berry, that he was hurt. She applied "heat lamp treatments and liniment" to his back, gave him medication for pain, and sent him back to work. He has already received workers' compensation benefits for this injury.

After this injury, Mr. DeAnda immediately returned to work and resumed his position as a welder's helper. He testified that he worked continuously in pain after the March 29, 1974 incident and that the pain coincided with his work. On May 2, 1974, Mr. DeAnda again injured his back lifting steel and reported his injury to the company nurse. Geraldine Lott was not on duty; he reported his injury to a relief nurse. Ms. Lott had access to records of Mr. DeAnda's complaint. This time, Berry sent Mr. DeAnda to see Dr. Henry Hand for a physical examination. Dr. Hand filled out a medical report prescribing medication for pain and giving instructions that Mr. DeAnda could return to work on May 8, 1974. Berry had a copy of this medical report in its files.

Mr. DeAnda's pain continued, gradually worsened, and on September 26, 1974 Mr. DeAnda saw another doctor. Mr. DeAnda testified that he visited Dr. George Seiters "because the company (Berry) themselves made an appointment with me." Geraldine Lott testified that occasionally Berry would send employees to Dr. Seiters. During this office visit, Dr. Seiters instructed Mr. DeAnda to take off work for 10 days for bed rest. This he did and in 10 days he returned to Dr. Seiters' office on October 7, 1974. This time Dr. Seiters suggested that Mr. DeAnda take off work for an additional week. On October 15, 1974, Mr. DeAnda returned to Dr. Seiters' office and was told that he could resume work. After each office visit, Dr. Seiters wrote a letter with his instructions to Mr. DeAnda and forwarded a copy to Berry's insurance carrier who in turn sent a copy to Ms. Lott. These letters were dated September 26, October 7, and October 15 of 1974. Geraldine Lott stated that she was sure that she received these medical reports within 30 days after they were dated.

When Mr. DeAnda returned to work in October, his symptoms of pain increased until he was finally forced to quit his job in December of 1974. It was later discovered that these symptoms had been the first ominous sign of a herniated disc which eventually required surgery. On January 23, 1975, Home Insurance Company, who was Berry's insurance carrier, received Mr. DeAnda's claim.

Trial was to a jury. In answer to special issues, the jury found that Mr. DeAnda incurred an occupational disease[2] in the

---

1. All statutory references are to Vernon's Annotated Texas Civil Statutes.

2. Occupational disease was defined in the charge:

"The term 'Occupational Disease' means damage or harm to the physical structure of the body occurring as the result of repetitious physical traumatic activities or injuries extending over a period of time and arising in the course of employment.

course of his employment; that the occupational disease was a producing cause of his total incapacity; that his total incapacity began on December 26, 1974 and was permanent; that the reasonable value of his medical services was $2,621.05; that compensation should be paid in a lump sum; and that Mr. DeAnda gave notice of the occupational disease within 30 days from the date disability was caused thereby. Based on these jury findings, the trial court rendered judgment awarding Mr. DeAnda a lump sum payment for total and permanent incapacity, plus attorney's fees, costs and interest.

The trial court broadly submitted the notice issue over timely objections. That issue along with a definition of notice read:

> "Did the Home Insurance Company or Berry Contracting have notice of such occupational disease within thirty (30) days after the disability was caused thereby?
>
> "Notice to or actual knowledge on the part of a foreman or other supervisor or an agent designated by the employer or insurance company to receive such notice is 'notice.'
>
> "Answer 'yes' or 'no.' "

The court of civil appeals held that there was no evidence to support the jury's finding that Berry or Home Insurance Company had notice of the occupational disease within 30 days of any disability. 599 S.W.2d at 126. It also held that the trial court erred in submitting the above notice issue because a separate issue should have been submitted to the jury to determine the exact date when Mr. DeAnda first had disability. Thereupon, the court reversed the judgment of the trial court and on its own motion remanded the cause in the interest of justice.

> "The term 'occupational disease arising out of and in the course of employment' is meant any occupational disease having to do with and originating in the work, business, trade or profession of the employer, received by the employee while engaged in or about the furtherance of the affairs or business of his employer."

Mr. DeAnda urges that the court of civil appeals should have affirmed the judgment of the trial court, because there is some evidence in the record from which it can be reasonably inferred that Berry or Home Insurance Company had sufficient notice within 30 days of any disability. Specifically, he argues that the court of civil appeals completely disregarded the undisputed evidence of actual knowledge acquired by Berry of his occupational disease.

Section 4a of article 8307 is the applicable statute and it provides:

> "*Unless the Association or subscriber have notice of the injury,* no proceeding for compensation for injury under this law shall be maintained *unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury or the first distinct manifestation of an occupational disease . . . .*" [3]

(Emphasis added).

At the outset, it should be recognized that the purpose of this statute is to give the insurer an opportunity immediately to investigate the facts surrounding an injury. *Booth v. Texas Employers' Insurance Ass'n*, 132 Tex. 237, 123 S.W.2d 322 (1938). It is well established that this purpose can be fulfilled without the need of any particular form or manner of notice. *Id.; Texas Employers' Insurance Ass'n v. Bradshaw*, 27 S.W.2d 314 (Tex.Civ.App.—San Antonio 1930, writ ref'd). Accordingly, the need for notice can be dispensed with when the employer or insurer has actual knowledge of the injury. *Twin City Fire Insurance Co. v. Gibson*, 488 S.W.2d 565 (Tex.Civ.App.—Amarillo 1972, writ ref'd n. r. e.); *Texas Employers' Insurance Ass'n v. Price*, 336 S.W.2d 304 (Tex.Civ.App.—Eastland 1960, no writ); *Texas Employers' Insurance Ass'n v. Bradshaw, supra; Texas*

**3.** The question whether in a repetitious physical traumatic activity case the notice period should begin on the date of "first distinct manifestation" is not presented. At trial, no objection was made by Home Insurance Company to the notice issue on this ground. Thus, that point was not preserved for our review.

*Employers' Insurance Ass'n v. Fricker*, 16 S.W.2d 390 (Tex.Civ.App.—Amarillo 1929, writ ref'd); see also 3 A. LARSON, *Workers' Compensation Law* § 78.31 (1976). This actual knowledge, however, need not apprise the employer of the exact time, place, and extent of the injury. *Texas Employers' Insurance Ass'n v. Bradshaw, supra.* To fulfill the purpose of the statute, i. e., to allow the insurer an opportunity to investigate the facts, the employer need only know the general nature of the injury and the fact that it is job related. More details of the occurrence will be supplied by the claim.

An example of a case where actual knowledge supplanted the need for notice is *Miller v. Texas Employers' Insurance Ass'n*, 488 S.W.2d 489 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.). In that case, the employer observed a 47-year old employee fall five feet from the bed of a truck and land on his back on asphalt. The employee then began to slow down in his work within the 30-day notice period. The court concluded that this was some evidence that the employer had actual knowledge of the injury.

Some insight to the construction to give to the notice statute is furnished by this Court's decision of *Lewis v. American Surety Company*, 143 Tex. 286, 184 S.W.2d 137 (1944). In *Lewis*, this Court stated, "that great liberality should be indulged in determining the sufficiency and scope of such notices . . . ." *Id.* at 140.

■ Applying this rule of liberal construction, the term "employer" in the statute should be accorded a broad interpretation. Much leeway should be given when determining by whom actual knowledge can be acquired in order to satisfy the requirement of notice to the employer. Therefore, we approve that line of cases holding that actual knowledge acquired by a foreman, *Texas Employers' Insurance Ass'n v. Bradshaw, supra, Texas Indemnity Insurance*

*Company v. Arant*, 171 S.W.2d 915 (Tex. Civ.App.—Eastland 1943, writ ref'd w. o. m.), or other supervisory personnel, *Belknap v. Texas Employers' Insurance Ass'n*, 556 S.W.2d 587 (Tex.Civ.App.—Dallas 1977, no writ), or agent designated by the employer to receive such information, *Twin City Fire Insurance Company v. Gibson, supra*, will suffice.

■ To determine whether there is legally sufficient evidence to support the jury's finding of notice in the record before us, we must consider only that evidence and the reasonable inferences that can be drawn therefrom favorable to the jury's finding that Berry or Home Insurance Company had notice of Mr. DeAnda's occupational disease within 30 days of "any compensable" disability.[4] *East Texas Theatres, Inc. v. Rutledge*, 453 S.W.2d 466 (Tex.1970); *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

■ Applying this standard in light of the foregoing rules, there is some evidence from which the jury could have concluded that the dates Mr. DeAnda first had compensable disability were between September 26 and October 15, 1974. It was during this period that Mr. DeAnda missed 17 days of work due to his back injury. Also, we are of the opinion that there is an abundance of evidence from which the jury could have concluded that Berry had actual knowledge of Mr. DeAnda's occupational disease within 30 days of this period. Berry made an appointment for Mr. DeAnda to see Dr. Seiters on September 26, 1974, which resulted in DeAnda's leave of absence. From this evidence, the jury could have inferred that Berry knew why it sent Mr. DeAnda to the doctor. Geraldine Lott, Berry's agent in charge of job-related injuries and complaints, stated that she received Dr. Seiters' letters, prescribing bed rest for Mr. DeAnda, within 30 days of the time they were dated; the letters were dated September 26, October 7, and October 15. She also stated that she had actual knowl-

---

4. At this point, we note that the court of civil appeals held that the 30-day notice period begins on the date of "any compensable" disability. Mr. DeAnda does not bring a point of error

challenging this ruling of the court of civil appeals. We are therefore bound by that ruling in considering this appeal.

**534**

edge from her records that Mr. DeAnda's back was injured on March 29 and on May 2, 1974. We have, therefore, concluded that in viewing the evidence in its most favorable light in support of the verdict that there is ample evidence to support the jury's finding of notice within 30 days of any disability.

Mr. DeAnda also contends that the court of civil appeals erred in holding that the trial court must submit a separate issue to inquire of the date that Mr. DeAnda first had disability. He argues that the trial court fairly submitted the ultimate issue and that issue required by the court of civil appeals was an evidentiary issue. We agree.

The controlling issue was whether the "30-day notice was given." The court of civil appeals holding would require the submission of an evidentiary issue because the fact about which it inquired was merely a detail of this controlling issue. If such an issue were required in this type of case, it would be necessary, in order to compute the 30-day notice period, for another issue to be submitted to inquire of the date notice or actual knowledge was received. Home Insurance Company did not object to the charge because such an issue was not being submitted. Moreover, the objection made to the notice issue by Home Insurance Company in the trial court that an issue should be submitted to inquire of the date of disability was tantamount to an objection that the issue was too broad or global. Rule 277, Tex.R.Civ.P., states: "It shall be discretionary with the trial court whether to submit separate questions with respect to each element of a case or to submit issues broadly." Such an exercise of discretion by a trial court should not be overturned unless there is a clear showing of abuse. *See State v. Norris*, 550 S.W.2d 386 (Tex.Civ.App.—Corpus Christi 1977, writ ref'd n. r. e.) We find no abuse in this case. Finally, we observe that the notice issue submitted by the trial court is identical to the suggested special issue for a repetitious physical traumatic activity case as expressly recommended by *Texas Pattern Jury Charges*.

*See* 2 TEXAS PATTERN JURY CHARGES § 24.01 (Supp.1976). Accordingly, we hold that the trial court properly submitted within its discretion the controlling issue on notice.

Because we have held that the court of civil appeals erred on the grounds on which it reversed the judgment of the trial court, we must look to the brief of Home Insurance Company in the court of civil appeals to see if there are other grounds presented therein to affirm the judgment of that court. *City of Hutchins v. Prasifka*, 450 S.W.2d 829 (Tex.1970); *McKelvy v. Barber*, 381 S.W.2d 59 (Tex.1964). When we do so, we find several additional points of error not reached by the court of civil appeals. These points challenge the trial court's exclusion of certain testimony and items of evidence. There are no factual insufficiency points which would require a remand to the court of civil appeals. We have considered these points not reached by the court of civil appeals and have concluded that none would warrant a reversal of the trial court's judgment, Tex.R.Civ.P. 434, nor an affirmance of the judgment of the court of civil appeals.

The judgment of the court of civil appeals is reversed and that of the trial court affirmed.