## UNIVERSAL UNDERWRITERS INSURANCE COMPANY, Appellant,

v.

## Kenneth R. PIERCE, Appellee.

### No. 01–89–00528–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 22, 1990.

Rehearing Granted Aug. 31, 1990.

Charles J. Meyers, Lufkin, for appellant.

George Chandler, Lufkin, for appellee.

Before EVANS, COHEN and HUGHES, JJ.

EVANS, Chief Justice.

This is an appeal in a workers' compensation case.

The claimant, Kenneth Pierce, worked as the head mechanic and manager of the mechanical repair shop for Gibbs Motor Company in Lufkin. In that capacity, he had principal responsibility for running, operating, and supervising the mechanical shop. On Saturday, March 10, 1984, Pierce, with the assistance of Woody Ross, a maintenance man, was cleaning the shop area and moving barrels. While moving the barrels, Pierce started having pains in his neck and chest, but he finished his scheduled half-day of work before going home. After Pierce reached home, the pains continued, and at about 6:00 p.m., he suffered a heart attack. The physician treating Pierce testified at trial that Pierce's act of moving the barrels was a precipitating cause of his heart attack.

Although the Gibbs Motor Company employees knew of Pierce's heart attack within two days of its occurrence, Pierce did not specifically tell anyone at Gibbs that his heart attack was a work-related injury. Pierce also did not file a claim for workers' benefits under the Workers' Compensation Act[1] with the Industrial Accident Board

1. Tex.Rev.Civ.Stat.Ann. art. 8307, secs. 4a, 7   (Vernon 1967).

until March 1987. The Industrial Accident Board rejected Pierce's claim, and Pierce promptly perfected his appeal to the district court. At trial, a jury found that Pierce's heart attack resulted from his work at Gibbs Motor Company, and that Pierce had total and permanent incapacity, and the court rendered judgment for Pierce.

Under Texas law, an injured employee must give his employer, association, or subscriber notice of an injury within 30 days after its occurrence or after the first distinct manifestation of an occupational disease. Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 4a (Vernon 1967). The purpose of this notice is to give the insurer an immediate opportunity to investigate the facts surrounding the injury. *DeAnda v. Home Ins. Co.*, 618 S.W.2d 529, 533 (Tex.1980); *Booth v. Texas Employers' Ins. Ass'n*, 132 Tex. 237, 244, 123 S.W.2d 322, 325 (1938).

There is an exception, however, to the strict notice requirement found in article 8307, section 4a. Where the employer or one of its foremen has actual knowledge of the job-related injury suffered by a claimant, the claimant need not give the notice required by article 8307, section 4a. *DeAnda*, 618 S.W.2d at 532; *Twin City Fire Ins. Co. v. Gibson*, 488 S.W.2d 565, 575 (Tex. Civ.App.—Amarillo 1972, writ ref'd n.r.e.). To constitute "actual knowledge," the employer need not be aware of the exact time, place, and extent of the injury, *DeAnda*, 618 S.W.2d at 533, but the employer must have notice of the *general* nature of the injury and the fact that it is job-related. *Id.*

In special issue no. 2, the trial court. inquired of the jury whether it found, from a preponderance of the evidence, that Gibbs Motor Company had notice of Pierce's heart attack within 30 days after the date of the occurrence. The court instructed the jury, in connection with such question, that "notice to or actual notice on the part of a foreman or other supervisor, or an agent designated by an employer to receive such notice," constituted notice to the employer.

In its first and second points of error, appellant contends that the form of the court's question is erroneous because, under the facts of the case, the ultimate issue was not whether the employer, Gibbs Motor Company had notice of Pierce's heart attack, but whether Gibbs Motor Company had notice that the injury was work-related.

The court's charge, which includes special issues 1 and 2 with explanatory instructions, is set forth below:

## SPECIAL ISSUE NO. 1

Do you find from a preponderance of the evidence that Kenneth R. Pierce, suffered a heart attack on the 10th day of March 1984 resulting from his course of employment for Gibbs Motor Company (Barrett Chrysler Plymouth GMC)?

ANSWER: "WE DO" OR "WE DO NOT"

ANSWER: 11 We Do, 1 We do not.

You are instructed that a heart attack was in the course of Kenneth R. Pierce's employment with Gibbs Motor Company (Barrett Chrysler Plymouth GMC) if his heart attack was produced or precipitated by Kenneth R. Pierce's work or the conditions of his employment at Gibbs Motor Company (Barrett Chrysler Plymouth GMC). Otherwise, a heart attack is not in the course of employment, even if it occurs on the job.

You are further instructed that a heart attack is in the course of employment if it originated or was precipitated by the employment, even though the heart attack actually occurred or manifested itself at a later time while Plaintiff was at home.

You are further instructed that in order for you to find that there was a heart attack, you must find that the heart attack that occurred on the 10th day of March, 1984 resulted in some damage or harm to the body of Kenneth R. Pierce.

## SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that Gibbs Motor Company (Barrett Chrysler Plymouth GMC) had notice of such heart attack within thirty days after March 10, 1984?

ANSWER: "YES" OR "NO"

ANSWER: YES

You are instructed that "Notice" to or actual knowledge on the part of a foreman or other supervisor, or an agent designated by an employer to receive such notice, is "Notice" to the employer.

Appellant's counsel objected to Special Issue 2, on the grounds that it was not in correct form, and that it was not a correct statement of the law. He tendered in its stead a "Proposed Special Issue No. 2" in the following form:

If you have answered either Proposed Question Number 1 or Question Number 6, "We Do", then answer Question Number 11, otherwise, do not answer Question Number 2.

## QUESTION NUMBER 2

Do you find that Kenneth Pierce gave notice to his employer that he suffered a work related injury within 30 days after its occurrence to his employer? (ink interlineations underlined)

The trial court overruled appellant's objection and rejected the proposed special issue.

We first must determine whether appellant's objections to special issue no. 2 met the requirement of "distinctly" pointing out to the trial court the "objectionable matter and the grounds of the objection." See Bell v. Missouri–Kansas–Texas R.R., 334 S.W.2d 513, 516 (Tex.Civ.App.—Fort Worth 1960, writ ref'd n.r.e.). The obvious purpose of this requirement is to allow the trial court an opportunity to correct any errors in its charge, so that the cause may be properly submitted to the jury. Missouri Pac. R.R. v. Kimbrell, 160 Tex. 542, 544–45, 334 S.W.2d 283, 285 (1960). Unless the complaint was sufficiently stated in appellant's objections, we may not review the alleged error on appeal. Superior Ins. Co. v. Mitchell, 355 S.W.2d 771, 774–75 (Tex.Civ.App.—Fort Worth 1962, writ ref'd n.r.e.).

We conclude that appellant's objections, although generally worded, were sufficient to point out the complained of error to the court. The objections were accompanied by a separately submitted request that clearly reflected the basis of the claimed error. Eaton v. Klein, 174 S.W. 331, 332 (1915); compare Texas Employers' Ins. Ass'n v. Jones, 393 S.W.2d 305, 306–307 (Tex.1965) (where a general objection was accompanied only by an unquoted definition from a cited appellate decision).

Having concluded that the claimed error was properly preserved for review by appellant's objection, we next consider whether the submission of the court's charge, over appellant's objection, constitutes reversible error.

A trial court is vested with broad discretion in submitting the jury's charge. De-Anda, 618 S.W.2d at 534. The question and definition submitted by the trial court has repeatedly been approved in workers' compensation cases and is identical to the suggested question found in 2 State Bar of Texas, Texas Pattern Jury Charges, PJC 23.01 (1989). See Twin City Fire Ins. Co., 488 S.W.2d at 575. Thus, before concluding that the court abused its discretion in submitting the charge over appellant's objection and in rejecting appellant's requested charge, we must consider the charge in its entirety and in conjunction with the pleadings and the evidence. Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n, 710 S.W.2d 551, 555 (Tex.1986).

It is undisputed that the owners of Gibbs Motor Company knew that Pierce had sustained a heart attack, and that he had worked on the day of the attack. The owners visited Pierce while he was in the intensive care unit, and they knew of his heart attack, either on the night it occurred or within two days thereafter. Several months before the occurrence, Pierce's

wife had called the owner of Gibbs and stated her concern about her husband's health. She told him that, because of rumors about the sale of the company and the heavy volume of the work, it was a "very stressful time" for her husband. She also told him that this situation was "causing undue stress" on her husband, and that he was "working against his health." One of Pierce's co-workers testified that he had observed the deterioration in Pierce's health, and that it was obvious to "anybody" that the stressful working conditions were taking their toll on Pierce.

■ The evidence, while factually sufficient to support a finding that Pierce's heart attack was work-related, does not, however, conclusively establish the fact as a matter of law. Therefore, we must decide whether the court's submission of its charge to the jury was such error as to require a reversal of the judgment.

We conclude that, under the particular circumstances of this case, the court's charge to the jury was so essentially defective that, notwithstanding its general usage and its recommendation as a proper charge in the Texas Pattern Jury Charges, we must reverse the court's judgment. The question, as submitted by the court, is defective because it fails to ask whether the employer, within 30 days of the heart attack, had notice that the injury was job-related.

There are instances where the employer's knowledge that a serious injury has occurred will, in itself, be deemed sufficient notice of the job-related nature of the injury. *See, e.g., Texas Employers' Ins. Ass'n v. Jackson,* 719 S.W.2d 245, 246 (Tex.App. —El Paso 1986, writ ref'd n.r.e.) (where the evidence showed the employer knew the claimant's heart attack was the result of physical exertion on the job); *compare O'Dell v. Home Indem. Co.,* 449 S.W.2d 485, 487 (Tex.Civ.App.—Amarillo 1969, writ ref'd n.r.e.). Here, however, we are faced with a different set of circumstances, be-

cause the evidence showed only that appellee's heart attack could have been work-related. Thus, the evidence did not conclusively show the heart attack was job-related. It simply created a fact question for the jury.

We accordingly hold that the charge is erroneous because it allowed the jury to find the employer legally responsible, even though the jury, if asked, might have found the employer did *not* have notice that Pierce's injury was job-related.

We therefore sustain appellant's first and second points of error.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App.P. 90, and is thus ordered not published. The judgment is reversed and remanded.

### ON MOTION FOR REHEARING

In our original opinion, we held that appellant's objection to special issue no. 2, and its tender of a "proposed special issue no. 2" sufficiently called to the trial court's attention the nature of the asserted error, and provided the trial court with an opportunity to submit an issue in proper form. On rehearing, we have decided that this holding is erroneous.

The "proposed" issue submitted by appellant inquired whether the claimant "gave notice" to the employer that he had suffered a work-related injury. The appellee argues on rehearing that the proposed issue is faulty because the claimant was not required to notify the employer that he had suffered a work-related injury. We agree. Under the factual circumstances of the case, the issue was whether the employer *had* notice or knowledge from any source that the claimant had suffered a work-related injury.

Accordingly, we now hold that appellant's objection was not sufficient to give the trial court an opportunity to correct the error in its charge and to submit a proper issue on the law. Thus, we overrule appellant's points of error. *Superior Ins. Co. v. Mitchell,* 355 S.W.2d 771, 774–5 (Tex.Civ. App.—Fort Worth 1962, writ ref'd n.r.e.).

We accordingly grant appellee's motion for rehearing, overrule appellant's first two points of error and affirm the trial court's judgment.