Pedro Z. CAMARILLO, Appellant,

v.

**HIGHLANDS UNDERWRITERS INSURANCE COMPANY, et al., Appellees.**

No. 8657.

Court of Appeals of Texas, Beaumont.

Oct. 22, 1981.

Jerald Abrams, Eagle Pass, for appellant.

John M. Lewis, and Ray A. Weed, San Antonio, for appellees.

DIES, Chief Justice.

Plaintiff below sued for worker's compensation benefits alleging an injury, on the job, on or about January 12, 1977. The insurer, Highlands Insurance Company, was given a summary judgment because plaintiff failed to file his claim for compensation within six (6) months, from which the latter brings this appeal.

Plaintiff's first point contends that because his employer had actual notice of the injury, it was unnecessary for his claim to be filed within six months.

*Tex.Rev.Civ.Stat.Ann. art. 8307, § 4a* (1967) provides:

"Unless the Association or subscriber have notice of the injury, no proceeding for compensation for injury under this law shall be maintained unless a notice of the injury shall have been given to the Association or subscriber within thirty (30) days after the happening of an injury

or the first distinct manifestation of an occupational disease, and unless a claim for compensation with respect to such injury shall have been made within six (6) months after the occurrence of the injury or of the first distinct manifestation of an occupational disease.... For good cause the Board may, in meritorious cases, waive the strict compliance with the foregoing limitations as to notice, and the filing of the claim before the Board."

■ Of course, where the employer actually knows of an injury, there would be no reason to require an employee to give formal notice. See *Belknap v. T.E.I.A.*, 556 S.W.2d 587 (Tex.Civ.App.—Dallas 1977, no writ), and cases cited therein; *DeAnda v. Home Insurance Co.*, 618 S.W.2d 529, 532 (Tex.1980); *Miller v. T.E.I.A.*, 488 S.W.2d 489, 492 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). But, the filing of the claim is a different matter altogether. First, we must remember that incapacity and not injury is covered under the Texas Act. See *Tex.Rev.Civ.Stat.Ann. art. 8306, § 6* (1967); *Hotchkiss v. T.E.I.A.*, 479 S.W.2d 336 (Tex.Civ.App.—Amarillo 1972, no writ).

■ If no incapacity results, no claim need be filed. *Baker v. Westchester Fire Ins. Co.*, 385 S.W.2d 447 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.). The Industrial Accident Board does not even set a hearing until the claim is filed. *Tex.Rev. Civ.Stat.Ann. art. 8309a* (Supp.1980). The six month requirement is the only statute of limitation in the Texas Act.

"The six months limitation provided by Section 4a serves the same function of all statutes of limitations, that is, to prevent litigation of stale claims and to provide for investigation when all matters surrounding the accident and the accident itself are fresh in the minds of all parties."

*Lowe v. Pacific Employers Indemnity Company*, 559 S.W.2d 370, 372 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.).

Furthermore, in cases of good cause, the Board or Court can extend the six month period. The Texas courts have recognized a variety of reasons for delay in filing the claim as "good cause." See the many citations in 63 Tex.Jur.2d *Workmen's Compensation § 307*, et seq. (1965).

■ We conclude that actual knowledge by the employer does not toll the six months limitation and, thus, overrule this point.

■ *Section 7a* of *Article 8307* (Supp. 1980) provides that the six month time limit for filing the claim does not begin to run until the employer's first report of injury (E–1) has been filed in accordance with *Section 7.* This report, at the time involved herein, was only required to be filed by the employer where an injured employee missed more than one day's work within eight days of his injury.*

Since plaintiff in the case at bar missed no time within eight days of his injury, the employer filed no E–1 report with the Industrial Accident Board. Plaintiff contends by his remaining point that this violated his right to equal protection of the laws in violation of the Fourteenth Amendment to the United States Constitution, and Art. 1, Sect. 3 of the Constitution of Texas. Or stated differently, he contends that even though he did not sustain any disability within the first eight days following the occurrence, he is entitled to the same tolled period as an employee who did sustain incapacity within the eight day period as provided in *Article 8307, § 7a* (1980). The court in *Lowe v. Pacific Employers Indemnity Company*, supra, has held to the contrary.

In *Lowe v. Pacific Employers Indemnity Company*, supra, as the case at bar, the claim for compensation was filed beyond the six month period and claimant in each case admitted no factual issues as to good cause existed for the late filing. The em-

* In 1979 an amendment to *Section 7* of *Article 8307* was enacted requiring the employer's report to be filed at any time after the injured worker is absent from work for more than one day.

ployer in each case had actual notice of the job related occurrence, but it was a number of months before the occurrence produced any alleged incapacity.

Legislative classifications based on real and substantial difference and relating to the subject of the enactment are valid. *Crawford Chevrolet, Inc. v. McLarty*, 519 S.W.2d 656, 661 (Tex.Civ.App.—Amarillo 1975, no writ). The presumption is that the classification is reasonable and justified. *Crawford Chevrolet, Inc. v. McLarty*, supra.

The purpose of the Texas Worker's Compensation Act is not compensation for earnings or injury but for loss of earning capacity. *Hotchkiss v. T.E.I.A.*, supra at 339–340. Therefore, the requirement that the report be tied in with the incapacity is reasonable and understandable considering its purpose. See also, *Lubbock Poster Co. v. City of Lubbock*, 569 S.W.2d 935, 944 (Tex. Civ.App.—Amarillo 1978, writ ref'd n.r.e.), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979); *Smith v. State*, 444 S.W.2d 941, 944 (Tex.Civ.App.—San Antonio 1969, writ ref'd n.r.e.). This point is overruled.

The summary judgment of the trial court is affirmed.

AFFIRMED.