Mary Esther MARTINEZ, Appellant,

v.

**HOME INDEMNITY COMPANY and Southeast Indemnity Company, Appellee.**

No. 2-82-068-CV.

Court of Appeals of Texas, Fort Worth.

Feb. 17, 1983.

Rehearing Denied March 17, 1983.

Yarborough, Yarborough & Stallings and Charles D. Yarborough, Bedford, for appellant.

Michael Caolo & Associates and John L. Freeman, Dallas, McDonald, Sanders, Ginsburg, Phillips, Maddox & Newkirk, and Douglas Wm. Wright, Fort Worth, for appellees.

Before HUGHES, JORDAN and ASHWORTH, JJ.

## OPINION

ASHWORTH, Justice.

Plaintiff, Mary Esther Martinez, appeals the judgment in her workers compensation suit which denied recovery on a 1979 injury, and reduced the benefits of a 1980 injury due to contribution of the 1979 injury.

Affirmed in part, and reformed and rendered in part.

We do not have the benefit of a statement of facts in this case, but will briefly outline what we believe to be the uncontroverted facts. Appellant was an employee of Standard Meat Company during the years 1979 and 1980. She sustained an injury on the job on June 28, 1979, when the workers' compensation carrier was Home Indemnity Company. She sustained another injury on October 2, 1980, when the workers' compensation carrier was Southeast Indemnity Company. We will hereafter refer to the 1979 injury as first injury; the 1980 injury as second injury; Home Indemnity Company as Home; and Southeast Indemnity Company as Southeast.

As to the first injury, appellant alleged that claim for benefits was timely made, and alternatively alleged that good cause for delay existed if such claim was not timely made. Home alleged under oath that such claim was not timely made and that good cause did not exist for delay. Appellant then filed a supplemental pleading alleging that if her claim was not filed

within six months of the filing of the Employers E–1, then good cause existed for delay because she thought her injuries were trivial. This later pleading was not verified.

The case was tried to a jury which found that the first injury required medical treatment, and produced incapacity. The matter of delay in filing claim was presented in three issues: (6) did appellant believe her injury to be trivial? If so, (7) did such belief cause appellant to delay filing her claim? If so, (8) was such belief good cause for delay in filing her claim?

The jury found that appellant did not believe her injury to be trivial, and therefore did not answer the two issues following. Because of such finding, appellant recovered nothing as a result of the first injury.

In answer to issues submitted on the second injury, the jury found the injury produced temporary total incapacity, and required $2500.00 in medical expenses, but that the first injury contributed 95% to the incapacity existing after the second injury.

We will consider appellant's points of error as they pertain to the first injury.

■ Appellant contends that the matter of good cause for failing to file her claim within six months of her injury should not have been submitted to the jury. Appellant points out that Tex.Rev.Civ.Stat.Ann. art. 8307, sec. 4a, states that unless the association or subscriber have notice of the injury, no proceeding for compensation under this law shall be maintained unless a claim for compensation with respect to such injury shall have been made within six months after the occurrence of the injury. The argument is, that the entire section is conditioned on the first clause concerning notice of the injury, and if the insurer has notice of the injury, then the six month limitation for filing of the claim does not apply.

This precise point was considered in *Camarillo v. Highlands Underwriters Ins. Co.,* 625 S.W.2d 11 (Tex.App.—Beaumont 1981, no writ). Summary judgment was rendered in that case for the insurance company because the worker failed to file his claim for compensation within six months of the date of the injury. The worker contended that because his employer had actual notice of the injury, it was unnecessary for his claim to be filed within six months. In its decision, the court did not directly address the grammatical construction of Tex.Rev.Civ.Stat.Ann., art. 8307, sec. 4a, that is advanced by appellant in this case, but by inference it is rejected. That case holds that if the employer actually knows of the injury, there is no reason to require an employee to give formal notice. Every injury does not result in incapacity, and if the employee has a claim for incapacity, it must be filed within six months of the injury. The employee still has the right to show good cause for delay if the claim is not timely filed.

■ In accordance with Tex.R.Civ.P., 93(n), (2), and (7), Home filed verified pleadings that the claim was not timely filed and that good cause did not exist for delay. Apparently, there was no question that the claim was not timely filed. Again, we do not have the benefit of a statement of facts. There apparently was evidence admitted with regard to good cause for delay, and the trial court was required to submit appropriate issues on good cause. The burden of proof was on the appellant to establish good cause. *Lee v. Houston Fire & Cas. Ins. Co.,* 530 S.W.2d 294 (Tex.1975). The jury found appellant did not satisfy her burden.

■ Appellant presents as a point of error that the issues inquiring into good cause are placed out of order in the court's charge, and are not conditioned, giving them the appearance of being insignificant. The first five issues, requiring twelve answers, were the ones usually first submitted in this type of case. These first issues inquired about injury, on the job, producing cause, total incapacity and duration, reduction in earning capacity, necessity of medical expenses, and amount of same. The charge then presented the three issues on good causes as outlined above. Appellant contends these issues should have followed

the "course and scope" issues, and the issues of disability should have then followed and conditioned on affirmative findings of good cause.

Appellant presents no authority to assist us in evaluating this contention. We believe the tenor of the contention to be that the jury should be aware that if adverse findings are made on "good cause", then the worker will not recover judgment. This contention flies in the face of Tex.R.Civ.P., 226a which requires the trial judge to give the following instruction: "4. You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers." We note that the instructions required by Rule 226a were a part of the court's charge in this case.

Appellant suggests that the "good cause" issues were of utmost importance to her and that such should have been made known to the jury. This again would be contrary to Rule 226a which requires the jury to be instructed: "3. Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important."

With regard to the positioning of the "good cause" issues, we note that the trial court positioned them as suggested in Texas Pattern Jury Charges, Volume II, Workers' Compensation, following the issues on medical expenses, and conditioned on an affirmative finding of either some total incapacity or some partial incapacity. There was no error in the positioning or conditioning of the "good cause" issues in the case.

■ Finally, appellant contends that she is entitled to the $9,000.00 of necessary medical expense incurred in treatment of the first injury, regardless of the jury findings on "good cause", because she is entitled to such expense as a matter of law on the basis of "injury" and "cause and scope" findings by the jury. We can assume that notice of the injury was properly made since there were no verified pleadings denying such notice as required by Tex.R.Civ.P., 93(n)(1). We find at least two cases which

lend support to appellant's contention: *Standard Fire Insurance Company v. Simon,* 474 S.W.2d 530 (Tex.Civ.App.—Dallas 1971, no writ); *Standard Fire Ins. Co. v. Ratcliff,* 537 S.W.2d 355 (Tex.Civ.App.—Waco, 1976, no writ). While these two cases last cited did not involve a failure to duly file a claim for compensation, they do hold that the only notice required for a claim for medical expenses is the notice of injury. We hold however, that we are bound by the law as set forth in *Texas Casualty Insurance Company v. Beasley,* 391 S.W.2d 33 (Tex.1965), in which the court held that there was not good cause for failing to timely file claim; that the employee's claim for medical expenses became a part of his claim for compensation, and that the claim for medical expenses was barred along with the claim for compensation.

We will now turn to the points of error asserted by appellant with regard to the verdict as to the second injury (October 2, 1980).

■ The jury found that the first injury contributed 95% of the disability suffered after the second injury. Appellant contends that inquiry concerning contribution should have been conditioned on affirmative findings as to all elements of the first injury, including "good cause". We believe the gist of appellant's complaint is that since the jury found she did not have good cause for not filing claim on the first injury, then the first injury was not compensable. We do not believe this to be the test. *St. Paul Fire & Marine Insurance Co. v. Murphree,* 163 Tex. 534, 357 S.W.2d 744 (Tex.1962), holds that if the prior injury is one for which compensation is provided under the terms of the statute, then it is a compensable injury. The later case of *Transport Insurance Company v. Mabra,* 487 S.W.2d 704 (Tex.1972), holds that the fact of payment of some compensation benefits for a prior injury is some evidence that the prior injury was compensable.

We hold that the first injury was compensable under the test of both cases. Un-

der the test of *Murphree,* the first injury would have been compensated under the jury findings except for the lack of finding of good cause. Appellee's brief states that appellant received some weekly benefits as a result of the first injury. Statements to the same effect were made in oral argument before this court; therefore, the test set forth in *Mabra* was satisfied.

■ Another point of error is directed to the reduction of medical expenses for the second injury due to contribution by the first injury. The jury found $2500.00 in medical expenses due to the second injury; the trial court reduced such amount by 95% due to the jury finding of contribution by the first injury. We hold that appellant's point is well taken. Special Issue No. 19 inquired:

19. Did Defendant Southeast Indemnity Company fail to furnish such medical aid, services and medicines as were reasonably required at the time of the October 2nd, 1980 injury, and any time thereafter to cure and relieve Plaintiff from the effects naturally resulting from the injury? (Answer "Yes" or "No").

This issue was answered "yes". Special issue No. 19A inquired as to the reasonable cost of such reasonably required medical treatment. This special issue was answered "2500.00". Special Issue No. 21 inquired if the first injury contributed to the *incapacity* found to exist after the second injury. (Emphasis supplied.)

There is no finding that any part of the medical expenses incurred after the second injury were related to the first injury. Appellant is entitled to have 95% of $2500.00, or $2375.00, added to the judgment rendered by the trial court.

■ Appellant's final point of error is that the court erred in denying appellant's motion to tax expert witness's fee as costs. A medical doctor testified as a witness for appellant. In oral argument before this court, appellant's attorney stated that the fee charged by this witness was $2500.00 and should be charged as costs. Appellant cites no authority for such contention, and

we find none. Additionally, there is no finding that such fee was reasonable, and we have doubt that appellant would so contend.

Any points of error advanced by appellant and not ruled on herein, have been considered and overruled.

Judgment of the trial court is reformed to provide for judgment for Mary Esther Martinez against Southeast Indemnity Company in the sum of two thousand six hundred three and 70/100 dollars ($2603.70), plus interest at nine percent (9%) per annum from February 24, 1982 and all costs of court.

As reformed, judgment affirmed. All costs of appeal are charged to Southeast Indemnity Company.