MISSOURI PACIFIC RAILROAD COMPANY V. WILLIAM KIMBRELL.

No. A-7527. Decided March 30, 1960.
Rehearing Overruled May 4, 1960.
(334 S.W. 2d Series 283)

*Hutcheson, Taliaferror & Hutcheson, Arterbury, Hoover & Graham, Howard S. Hoover* and *Carroll R. Graham,* all of Houston, for petitioner, Missouri Pacific Railroad Company.

*Hill, Brown, Kronzer & Abraham, John L. Hill, James Kronzer,* all of Houston, for respondent.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

This is an action for personal injuries brought under the provisions of the Federal Employer's Liability Act, 45 U.S.C.A., Sec. 51 et seq. In the trial court the plaintiff, William Kimbrell, respondent here, was awarded judgment, based upon jury findings, for $120,000.00 against petitioner, Missouri Pacific Railroad Company. The Court of Civil Appeals found that the judgment was excessive by $30,000.00 and ordered that the same be reversed and the cause remanded unless respondent filed a remittitur of that sum. Upon respondent's filing the remittitur the Court of Civil Appeals affirmed the judgment of the trial court as modified. 326 S.W. 2d 720.

Petitioner's application for writ of error contains two points, both of which deal with certain objections and exceptions to the court's charge regarding the elements which the jury might consider in assessing the damages. The portions of the charge material here are as follows:

"What sum of money, if any, paid now in cash do you find from a preponderance of the evidence will reasonably compensate the plaintiff, Willie Kimbrell, for such damages, if any, as were directly and proximately caused by the occurrence of November 11, 1955 and will in reasonable probability be directly and proximately caused in the future as the direct and proximate result of said occurrence, taking into account such of the following elements as you find to be established by the preponderance of the evidence and none other; * * * (4) Such physical pain and suffering, if any as you find from a preponderance of the evidence, that will in reasonable probability be sustained in the future beyond this date by the plaintiff directly and proximately caused by the occurrence of November 11, 1955. (5) Such mental anguish, if any, as you find from a preponderance of the evidence, which in reasonable probability the plaintiff will sustain in the future beyond this date, directly and proximately caused by the occurrence of November 11, 1955.

* * * * *

"(8) Such diminished capacity to work and earn money, if any, as you find from a preponderance of the evidence in reasonable probability the plaintiff will sustain in the future beyond this date directly and proximately caused by the occurence of November 11, 1955."

1 The first point complains of the overruling by the trial court of objections to its charge because it did not contain instructions limiting damages to be assessed for future physical and mental suffering and future diminished earning capacity to their present value. The objections state that the charge should have instructed the jury that in measuring the present value of damages to be sustained in the future it must take into consideration the rate of interest, compounded annually, at which money could be safely and securely invested, and determine the value of any amount that may be allowed by discounting the same. However, each objection concludes with this language: "which charge, because of the failure of any proof in the record cannot now be given to the jury." Under Rule 274, Texas Rules of Civil Procedure, it is provided that "A party objecting to a charge must point out distinctly the matter to which he objects and

the grounds of his objection." The purpose of that rule is to give the trial court an opportunity to correct any errors in the charge so that the case may be properly submitted. Those objections do not meet that test. After stating that the charge should have contained certain instructions, the objections then conclude that for lack of evidence the instructions should not have been given. If those objections raise any question at all, it is indirectly the question of the absence of evidence concerning the matter complained of. That question is clearly reached in point two. Point number one is overruled.

The question presented in the second point was properly raised by the petitioner's second and fourth objections to the court's charge. In substance, those objections were that elements of damages to be sustained in the future, as disclosed in the portion of the court's charge copied above, should not have been submitted, for the reason that there was no evidence in the record showing, or tending to show, the rate of interest at which money could be safely invested in the vicinity of Harris County, and consequently, no evidence tending to show the earning power of money.

2 Petitioner contends that since the measure of damages under the Federal Employer's Liability Act for the loss of future benefits is the present value thereof, it is essential that there be some evidence in the record of the earning power of money to aid the jury in ascertaining whatever future damages it finds. It is not questioned by respondent that the proper measure of damages under the Federal Employer's Liability Act for the loss of future benefits is the present value thereof. That proposition was established in Chesapeake and Ohio Railway Co. v. Kelly, 241 U.S. 485, 36 S. Ct. 630, 60 L. Ed. 1117, and reaffirmed in Gulf, C. & S. F. Ry. Co. v. Moser, 275 U.S. 133, 48 S. Ct. 49, 72 L. Ed. 200. Whether, under those decisions, evidence of the earning power of money must be introduced before the trial court can submit to the jury the elements of future damages is the question for decision here. In support of its contention that such evidence must be introduced, petitioner relies principally upon Chesapeake and Ohio Railway Co. v. Kelly, supra, and Southern Pacific Co. v. Klinge, 65 F. 2d 85, and to a lesser extent upon Southern Pacific Co. v. Gastelum, 38 Ariz. 127, 297 P. 875. The validity of the argument rests primarily upon the construction of the following language taken from the Kelly Case, supra:

"We are aware that it may be a difficult mathematical com-

putation for the ordinary juryman to calculate interest on deferred payments, with annual rests, and reach a present cash value. Whether the difficulty should be met by admitting the testimony of expert witnesses, or by receiving in evidence the standard interest and annuity tables in which present values are worked out at various rates of interest and for various periods covering the ordinary expectancies of life, it is not for us in this case to say. Like other questions of procedure and evidence, it is to be determined according to the law of the forum."

It is claimed by petitioner that language clearly states that there must be some evidence in the record with reference to the rate of interest at which money may be safely invested in the vicinity in which the case is tried. We cannot construe the language in the Kelly Case as leaving no discretion whatever to the trial court with regard to what constitutes proof of the present value of damages to be sustained in the future, The court specifically states that "Like other questions of procedure and evidence, it is to be determined according to the law of the forum."

Numerous decisions by State courts, including Missouri Pacific Railway Co. v. Prejean, 307 S.W. 2d 284, no writ history, have held that no such evidence need be introduced. Perhaps the strongest authorities supporting that conclusion are Louisville & N. R. Co. v. Grizzard, 238 Ala. 49, 189 So. 203, cert. den. 308 U.S. 603, 60 Sup. Ct. 140, 84 L. Ed. 504 and Western & A. R. R. v. Lochridge, 170 Ga. 208, 152 S.E. 474, cert. den. 281 U. S. 762, 50 Sup. Ct. 461, 74 L. Ed. 1171. In each of those cases the jury was instructed that it should discount any future damages to their present value. Defendant contended that it was error to submit an issue requiring the jury to find future damages in the absence of evidence which could be used by the jury in making such a deduction. The court in each case held that the issue was properly submitted. We quote from the Lochridge case:

"Interest rates and other forms of returns on money safely invested are matters of such common knowledge that intelligent jurors may be presumed to be able to make proper allowance therefor in estimating the present value of a sum of money payable in the future, though no evidenc upon that subject is introduced." (39 Ga. App. 246, 146 S.E. 776 at 782.)

3  While it is recognized that a denial of a writ of certiorari does not imply that the Supreme Court approved the lower

court's views, we feel that some importance must be given to the denials in the above cases, particularly since they construed the court's holding in its prior decision in the Kelly case.

4 It is a well-settled rule in this jurisdiction that the jury has the power to consider as proven any matter that is of common knowledge in the community. 1 McCormick & Ray, Texas Law of Evidence (2nd ed.), Sec. 156. In our practice, while the jury must assess damages to accrue in the future on the basis of their amount if paid now in cash, still no evidence of the earning power of money must be introduced. No reason is perceived why, if evidence of the earning power of money is not required under our state practice, it should be required in cases arising under the Federal Employer's Liability Act which are tried in our courts. Obviously, there is force in the argument that jurors may not have sufficient knowledge of interest rates to discount damages to their present value, but we cannot say that the average jury composed, as we must assume, of men and women of intelligence is not acquainted with interest rates. There is less force in petitioner's argument now than formerly because of the present existence of many savings institutions and advertisements of bond issues by the Federal government.

Since our practice does not require the introduction of evidence of the earning power of money as a prerequisite to the submission of an issue requiring the jury to find present value of future damages, and since there is no clear mandate from the Supreme Court of the United States requiring the introduction of such evidence in Federal Employer's Liability Act cases, we are unwilling to hold that such evidence is required and thereby place our decision in conflict with the decisions of other State courts above referred to.

5 Kimbrell has filed an application for writ of error questioning the authority of the Court of Civil Appeals to require a remittitur. Under authority of Gulf, Colorado & Santa Fe Ry. Co. v. Dean, 159 Texas 238, 317 S.W. 2d 913, cert. denied 359 U.S. 945, 79 S. Ct. 725, 3 L. Ed. 2d 678, that contention is overruled.
The judgment of the Court of Civil Appeals is affirmed.

Opinion delivered March 30, 1960.

Rehearing overruled May 4, 1960.