**STRACHAN SHIPPING COMPANY et al.,**
**Appellants,**

v.

**PETTY GEOPHYSICAL ENGINEERING COMPANY, Appellee.**

No. 4112.

Court of Civil Appeals of Texas.

Waco.

June 13, 1963.

Rehearing Denied July 18, 1963.

Eikel, Feltner & Goller, Robert Eikel and Theodore Goller, Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Thomas A. Brown, Jr., Baker, Botts, Shepherd & Coates, Donald F. Mc-Niel, II, Houston, for appellee.

WILSON, Justice.

Appellee recovered judgment against an ocean carrier and its agent acting as stevedore for damages to a seismographic drill truck being loaded on a vessel for overseas transportation. The jury found appellants' negligence proximately caused the damage resulting when the equipment fell to the deck. Appellants' principal points complain of the damage issues. Appellee alleged it was the owner of a "new truck", specifically described in the petition. It further alleged it had engaged another defendant, acquitted of negligence, to modify and equip the "truck" for "use as a seismographic drill truck". Evidence of separate damages to truck and drill unit was introduced without objection.

Appellee pleaded damages in a specified sum in general terms, alleging that the truck was "seriously injured and impaired in value", and that damages had been sustained for loss of use and diminution in market value. There was no special exception to the pleading. Special issues were submitted inquiring as to the value of the truck before and after it fell to the deck of the vessel. Appellants' only objections to these issues asserted lack of pleadings, and lack of evidence to support "an affirmative answer" to these issues. After verdict, for the first time, appellants asserted in a motion to disregard the issues that they submitted an improper measure of damage, and the proper measure should have been based on market value at destination. This is the substance of their chief contention here. By another issue the court inquired as to the reasonable cost of repair of the drilling unit. Absence of pleading on which to base submission of this issue, and of evidence on which to "base an affirmative answer" thereto were again the only objections

**528**

made. Although appellants now say the court thereby erroneously submitted "different and distinct theories of damages," they made no such contention in the trial court before verdict, and may not now do so.

 Rules 90 and 294 Texas Rules of Civil Procedure provide that defects, omissions and faults of form or substance in pleadings, not specifically brought to the Court's attention before the charge to the jury, are waived. Rule 274 requires a party objecting to the charge to point out distinctly the objectionable matter and grounds of objection. "Having failed to do so, it cannot thereafter be heard to say that the measure of damages as submitted was *improper*." Whitson Co. v. Bluff Creek Oil Co., 156 Tex. 139, 293 S.W.2d 488, 493.

Appellants now also contend there were no pleadings to support the issue on cost of repairs to the drilling unit because appellee "alleged only that it sustained damages for diminution in value of the *truck*". Appellants' general objection that there was no pleading to support submission of the issue did not advise the trial court "specifically", as required by Rule 274, of the complaint now pointedly particularized. The objection did not attack the form of the issue, the measure of damage, the presently asserted defect or fault in pleading; it did not urge variance. In our opinion the objection did not preserve the point. Missouri Pac. R. Co. v. Kimbrell, 160 Tex. 542, 334 S.W.2d 283, 285; Alcazar v. Southwestern Bell Tel. Co., Tex.Civ.App., 353 S.W.2d 933, 936; Texas Mexican Ry. Co. v. Bell, Tex.Civ.App., 110 S.W.2d 199, 200; Southern Underwriters v. Kelly, Tex.Civ.App., 110 S.W.2d 153, 155; 3 McDonald, Texas Civil Practice, Sec. 12.29(b), p. 1141; Sec. 12.30(a), p. 1144.

It is said recovery for loss of use of the equipment is not authorized because there was no showing of appellants' knowledge of special circumstances rendering special damages a probable consequence of the occurrence. The rule urged is applicable to breach of contract, to which form of action appellants would have us confine appellee. The case was pleaded, tried and submitted as a tort action, and loss of use was a proper element of damage, Pasadena State Bank v. Isaac, 149 Tex. 47, 228 S.W.2d 127, 129, irrespective of knowledge of special circumstances.

Other points have been fully considered and are overruled. Affirmed.