Gary R. LOOK, Appellant,

v.

Eugene WERLIN, Jr. et al., Appellees.

No. 17454.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Sept. 6, 1979.

Wheat, Thornton & Burnett, William L. Burnett, Houston, for appellant.

Baker, Brown, Sharman, Wise & Stephens; Michael Andrews, Houston, for appellees.

EVANS, Justice.

This is an appeal by the defendant-lessee, Gary Look, from a judgment in favor of the plaintiffs-lessors in a suit for anticipatory breach of a commercial lease of a portion of a shopping center owned by the plaintiffs. The trial court sitting without a jury entered judgment against Look for $29,296.00 as damages plus $1,500.00 for attorney's fees and entered a take nothing judgment against two other defendants, F. O. Fowler and Fowler-Look Veterinary Clinic. The trial court found that Look was individually liable because he had signed the lease in his individual capacity.

The defendant Look does not contest his liability for such damages as may have resulted from his anticipatory breach of the lease. He, however, questions the legal and factual sufficiency of the evidence to establish the essential elements of damages under the cause of action alleged.

■ The measure of damages for anticipatory breach of a lease where the lessor does not relet the premises or exercise such control over the premises as to exclude the lessee from possession is "the difference between the present value of the rental contracted for in the lease and the reasonable cash market value of the lease for its unexpired term". John Church Co. v. Martinez, 204 S.W. 486, 489 (Tex.Civ.App.—Dallas 1918, writ ref'd); Thomas v. Morrison, 537 S.W.2d 274 (Tex.Civ.App.—El Paso 1976, writ ref'd n. r. e.).

■ The plaintiff, Eugene Werlin, Jr., testified that the leased premises had been specially prepared for use as a veterinary clinic and that the defendants had used the premises as a veterinary clinic, making rental payments each month from December 1, 1973, until August 1, 1976. Thereafter, the defendants abandoned the premises, and although the plaintiffs had made diligent efforts to relet the premises, they were unable to do so at the time of trial in November 1978. The plaintiff, Werlin, testified, in effect, that the leased premises had a market value if relet but that it had a market value only in the event it could be relet. The trial court found that the plaintiffs had made every reasonable effort to relet the premises, that the premises were vacant at the time of trial, and that the property would likely remain unrented for the remainder of the lease term due to the nature of its renovation as a veterinary clinic.

In support of his contention that the plaintiffs failed to establish the element of the reasonable rental value of the premises for the period following the lessee's abandonment, defendant, Look, relies upon Cantile v. Vanity Fair Properties, 505 S.W.2d 654 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.); and Warncke v. Tarbutton, 449 S.W.2d 363 (Tex.Civ.App.—San Antonio 1969, writ ref'd n. r. e.). These cases are factually distinguishable from the case at bar. In Cantile, the lessor's witness testified, in effect, that the lease had no market value because it was not paying any rental. The San Antonio Court of Civil Appeals, speaking through Chief Justice Cadena, held that the only conclusion which could be drawn from such testimony was that the lessor was referring to the amount of the rentals received, rather than to the reasonable market value of the premises. In Warncke, the undisputed evidence showed that the space had been relet and was actually producing rental income, and the trial court simply found that the market value of the premises equaled the amount of the unpaid rentals. Thus, there was no basis for any recovery from the lessee. In the case at bar, the testimony offered by the plaintiffs was uncontroverted by the defendant and such evidence is legally and factually sufficient to support the trial court's implied finding that the premises had no market value.

The question remaining for this court's determination is whether the trial court's judgment should be modified so that the plaintiffs' recovery is limited to the discounted value of the future rental installments computed to the time of trial. The trial court's unchallenged findings of fact reflect that at the time of trial there were 88 lease installments of $360.00 each, totaling the sum of $31,680.00, remaining unpaid for the balance of the term of the lease. The conclusions of law indicate that the trial court determined that the plaintiffs were entitled to recover the full value of the future rental installments, although a mathematical error was apparently made in the computation of such amount because the judgment awarded only the sum of $29,296.80.

There is no evidence in the record indicating the percentage amount by which the total sum of the future lease payments should be discounted to afford plaintiffs a recovery of the present cash value at time of trial of such future rental installments. In Texas, specific evidence of this nature is not required, and it is generally for the jury or the trial court to determine the present value of future damages. *Missouri Pacific Railroad Co. v. Kimbrell*, 160 Tex. 542, 334 S.W.2d 283 (1960); *Renegar v. Cramer*, 354 S.W.2d 663 (Tex.Civ.App.—Austin 1962, writ ref'd n. r. e.). It has been held that the rate of interest fixed by the legislature may be considered by the court as an appropriate discount factor. *Lee v. Lee*, 509 S.W.2d 922 (Tex.Civ.App.—Beaumont 1974, writ ref'd n. r. e.).

The Texas legislature has fixed pre-judgment interest at 6 percent per annum and post-judgment interest at 9 percent per annum. Article 5069–1.03 et. seq. Tex.Rev. Civ.Stat.Ann. (1971); and Article 5069–1.05, Tex.Rev.Civ.Stat.Ann. (Supp.1978). Since the award of the future rental installments should have been given a discounted value, computed to the time of trial, the post-judgment interest rate of 9 percent will be used to determine the plaintiffs' recovery of such future damages.

The trial court's judgment is modified to provide that the plaintiffs recover from the defendant the sum of $29,922.42, such sum being the total of the amount of $10,080.00, representing the 28 unpaid rentals due to time of trial, the amount of $17,342.42, representing the discounted value of the 60 future installments of rent, and the amount of $1,500.00, representing the trial court's award of attorneys fees, together with interest on said sum at the rate of 9 percent per annum from and after the date of the trial court's judgment, and all costs incurred herein and in the trial court; as so reformed, the trial court's judgment is affirmed.

WALLACE and WARREN, JJ., also sitting.