**HARDIN ASSOCIATES, INC., Appellant,**

v.

**Thomas L. BRUMMETT, Appellee.**

No. 8821

Court of Civil Appeals of Texas, Texarkana.

Dec. 23, 1980.

Rehearing Denied Jan. 20, 1981.

James O. Guleke, II, Daugherty, Kuperman, Golden, Carlisle & Morehead, Austin, for appellant.

J. Terry Weeks, Levbarg, Weeks & Chapman, Austin, for appellee.

CORNELIUS, Chief Justice.

Thomas L. Brummett sued Hardin Associates, Inc. to recover certain fees allegedly earned under the terms of an employment contract. Trial was to the court without a jury. Judgment was rendered in Brummett's favor for $11,000.00, together with $1,000.00 attorney's fees. The judgment will be affirmed.

Brummett had been employed by Hardin some three years before the trial of this suit. Hardin was in the business of developing shopping centers and Brummett's work had been mainly as a leasing agent for those centers. A reorganization took place at Hardin and Brummett was placed in charge of a new division called the development division. Company policies stated that the development division would be responsible for "... all phases of project development from inception through legal plans, finance, construction budget, leasing and up to management. It will coordinate all parts of a project." Brummett was hired on an oral contract of employment for an indefinite time. His compensation, set by the company's written policies, was 1½% of the mortgage value of the projects on which he worked. He was entitled to a monthly draw of $1200.00 against his future earnings. Brummett was the sole employee in the development division, and the work giving rise to the fees in dispute here was done on a Hardin shopping center development known as Commerce Square. In February of 1978, O. U. Robert, who had recently assumed the general administrative responsibilities for Hardin Associates, told Brummett that the development division was going to be eliminated, but that Brummett could stay on as an employee until the next draw period if he desired. Brummett declined that offer and left immediately. He subsequently went to work for another company doing essentially the same kind of work as he did for Hardin. Brummett testified that at the time he left Hardin all of the Commerce Square development work had been done except for a few minor things which, because of his termination, he was prevented from doing. Hardin contended that Brummett's work

had been unsatisfactory for some time before he left, and that he voluntarily terminated his employment.

The trial court filed findings of fact, including among others, the following: (1) As of February 1, 1978, Brummett had satisfactorily completed all of the work that could have been done on the developmental phase of the project to that time; (2) Hardin Associates repudiated its agreement to pay Brummett for fees he had already earned; and, (3) Hardin prevented Brummett from completing the remaining portion of the developmental phase of the Commerce Square project. The court concluded that Hardin's repudiation of its obligation to pay Brummett's earned fees constituted an anticipatory breach of its contract to pay them, even though they were not due at the time the suit was brought,[1] and allowed Brummett a present recovery of the fees plus reasonable attorney's fees.

Hardin contends that the judgment is erroneous because there was no anticipatory breach of the contract, no fees were payable at the time the suit was brought, the employment contract was void because it was in violation of the Statute of Frauds, the trial court erroneously failed to offset Brummett's damages to the extent of his earnings after he left Hardin, and a recovery of attorney's fees was not proper. Hardin also argues that the evidence is insufficient to support the trial court's findings of fact on the essential elements of Brummett's cause of action.

At the outset it should be made clear that this is not a suit for the unlawful or improper termination of Brummett's employment. It rather is a suit to recover fees earned for services rendered while Brummett was in Hardin's employment, but which had not become due or payable at the time suit was brought or judgment was rendered. Both parties agree that because the contract of employment was for an indefinite time, it was terminable by either party at any time, with or without good cause. *East Line & R. R. R. Co. v. Scott*, 72

Tex. 70, 10 S.W. 99 (1888); *Watson v. Zep Mfg. Co.*, 582 S.W.2d 178 (Tex.Civ.App.Dallas 1979, writ ref'd n.r.e.); Annot., 62 A.L. R.3d 271. Thus, the question whether Hardin terminated Brummett's employment or Brummett voluntarily left his job is immaterial. The material questions are whether Brummett satisfactorily performed his duties while in Hardin's employment and therefore earned fees on the Commerce Square project, and if so, whether he was entitled to a present judgment for those fees even though by the terms of the contract they are not yet due. The trial court determined those questions in Brummett's favor, and we agree with that determination.

When a party who is obligated to make future payments of money to another absolutely repudiates the obligation without just excuse, the obligee is entitled to maintain his action for damages at once for the entire breach, and is entitled in one suit to receive in damages the present value of the future payments payable to him by virtue of the contract. *Pollack v. Pollack*, 39 S.W.2d 853 (Tex.Com.App.1931, holding approved), on second motion for rehearing, 46 S.W.2d 292 (Tex.Com.App.1932); *Universal Life & Accident Ins. Co. v. Sanders*, 129 Tex. 344, 102 S.W.2d 405 (Tex.Com.App. 1937, opinion adopted). There is sufficient evidence to support the trial court's finding of such a repudiation.

Hardin's written company policies, which both parties agree controlled their employer/employee relationship, provided that Brummett's fees would be based on the mortgage value of each project, and that in the event of a termination of employment, "Any fees due will be prorated by company on a prorata basis, based on the % of work completed at the time of notice." The policies defined "mortgage value" as the "loan a project will carry." The Commerce Square project was subject to an interim loan of $900,000.00, and Brummett testified that $900,000.00 was the project's mortgage

---

1. The commissions were not due until the project was completed and leased to a "break

even" point. That had not occurred at the time of suit.

value. No contrary evidence was produced. On the basis of a $900,000.00 mortgage value, Brummett's total fees for the project would be $13,500.00. The trial court deducted $1800.00 for draws previously made by Brummett, and further reduced the amount of fees to $11,000.00 based upon the percentage of the development work done at the time Brummett left Hardin's employment, as required by the company policies. The evidence supports the trial court's action.

■ Hardin also asserts that Brummett's contract was in violation of our Statute of Frauds,[2] which provides that an agreement which is not to be performed within one year is unenforceable unless it is in writing. We disagree. Indefinite term employment contracts are considered performable within one year and do not come within the purview of the Statute of Frauds. *Miller v. Riata Cadillac Company*, 517 S.W.2d 773 (Tex.1974); *Bratcher v. Dozier*, 162 Tex. 319, 346 S.W.2d 795 (1961). Even if it be considered that the contract was for the definite time needed to complete the Commerce Square project, the rule is that, where the time for performance is indefinite in that the agreement merely provides for the performance of a particular act or acts which can conceivably be performed within one year, the Statute of Frauds is inapplicable, however improbable performance within one year might be. *Hall v. Hall*, 158 Tex. 95, 308 S.W.2d 12 (1957); *Adams v. Big Three Industries, Inc.*, 549 S.W.2d 411 (Tex.Civ.App.Beaumont 1977, writ ref'd n.r.e.).

■ The trial court did not err in failing to offset Brummett's recovery by the amount of earnings received by him after he left Hardin's employment. The rule of mitigation applies to a recovery of damages for lost wages which could have been earned in the future if the employment contract had not been breached. It does not apply to a suit to collect wages or commissions earned in the past.

■ Hardin also complains of the insufficiency of the evidence to show a presentment of Brummett's claim so as to justify the trial court's allowance of attorney's fees under Tex.Rev.Civ.Stat.Ann. art. 2226. We find the evidence sufficient. Article 2226 does not require that the presentment of the claim be in any particular form or manner. All that is required is an assertion of the right to be paid and a request for payment. The purpose of the presentment is to make the debtor aware that a claim is being made, so he can pay the claim within 30 days and avoid liability for the creditor's attorney's fees. *Huff v. Fidelity Union Life Insurance Company*, 158 Tex. 433, 312 S.W.2d 493 (1958); *King Optical v. Automatic Data Processing, Etc.*, 542 S.W.2d 213 (Tex.Civ.App.Waco 1976, writ ref'd n.r.e.); *Hudson v. Smith*, 391 S.W.2d 441 (Tex.Civ.App.Houston 1965, writ ref'd n.r.e.). In this case Brummett made demand upon Hardin for his fees when he was terminated, and payment was refused. In addition, he made written computations of the amount of fees he claimed, and presented them to Mr. Kasprzyk, who was the comptroller for Hardin. Mr. Kasprzyk testified that he was aware of those computations and knew from them that Brummett was making a claim against Hardin for the amounts shown on them. We have previously found the evidence to be sufficient to support the trial court's conclusion that Hardin repudiated Brummett's right to the earned fees. These facts are sufficient to constitute presentment under Article 2226. *Huff v. Fidelity Union Life Insurance Company*, supra; *King Optical v. Automatic Data Processing, Etc.*, supra; *Hudson v. Smith*, supra.

The judgment of the trial court is affirmed.

2. Tex.Bus. & Comm.Code Ann. § 26.01.