TAYLOR PUBLISHING
COMPANY, Appellant,

v.

SYSTEMS MARKETING
INCORPORATED,
Appellee.

No. 05–83–00664–CV.

Court of Appeals of Texas,
Dallas.

Nov. 7, 1984.

Rehearing Denied Dec. 13, 1985.

George Lamb, III, Dallas, for appellant.

Mark K. Glasser, Henri-Ann Nortman, Houston, for appellee.

Before ALLEN, ROWE and SHUMPERT, JJ.

*On Motion For Rehearing*

SHUMPERT, Justice.

This appeal is from a judgment for breach of a computer lease. On original submission, in ten points of error, appellant, Taylor Publishing Co., contended that: it did not breach the lease because it was discharged from its lease obligations as a matter of law; there were neither pleadings nor evidence to support the damage award; the trial court awarded damages based on unauthorized factual findings; there was no, or insufficient, evidence to support the submission of one of the special issues; submission of certain requested special issues was improperly 'denied; a jury finding was against the great weight and preponderance of the evidence; the lease provision under which appellee, Systems Marketing, Inc. (SMI), recovered constituted an unenforceable penalty; and the requisite notice for recovery was not given.

In our original opinion we found that there was no evidence to support part of the damage award because the trial court improperly took judicial notice of the present value discount rate applicable to damages owed for future rentals. As a result, we affirmed in part and reversed and remanded that portion of the case awarding damages for the period from the time of trial until the end of the lease for an evidentiary hearing and application of the proper present value discount rate.

In its motion for rehearing appellant, Taylor Publishing Company, contends, among other things, that Rule 434 of the Texas Rules of Civil Procedure prohibits remand of only a portion of this case. Appellant argues that remand of the entire case for a new trial is fair and appropriate in light of Rule 434 and other matters raised in its motion for rehearing. In a cross point appellee, Systems Marketing Incorporated, asserts first that this court's limited remand is fully supported by the provisions of Rule 434 and second that, in light of the context in which the discount issue arose, this court was not required to reverse and remand any portion of the trial court's judgment.

Although we grant appellant's motion for rehearing, we are persuaded by the authorities cited by appellee. Accordingly, we withdraw our prior opinion, dated August 9, 1984, and substitute the following in which we overrule appellant's points of error and sustain appellee's cross point. We affirm the trial court's judgment in all respects except we modify the judgment by $800 because the evidence shows that the computer equipment was sold in mitigation of the damages for $10,000 rather than $10,800.

Taylor leased computer equipment from SMI. A dispute arose over a clause in the letter agreement addendum to the lease. That clause is as follows:

2. *Early Termination*—You shall be permitted to terminate the agreement at the conclusion of 24 months by paying a termination fee equal to $120,000 to Systems Marketing, Inc. You shall also be permitted to sublease the machine to another user for the balance of the term. However, such sublease will not relieve you of your obligations under this agree-

**216**

ment. *You shall also be permitted to terminate at the end of 24 months without penalty* for the purpose of upgrading to another system provided by SMI at terms to be negotiated. (emphasis added)

The lease was for 84 months. Approximately 44 months into the lease, Taylor decided that it wished to upgrade to different equipment. In two letters, SMI proposed terms for a new lease which included amounts expressly referred to as a penalty. Taylor responded that the lease provided for upgrade at any time without a penalty. SMI sent another letter which Taylor concedes included the penalty amount disguised as a part of the monthly rental of the new equipment although it did not contain the word penalty. Taylor then sent SMI a letter stating that because SMI refused to allow an upgrade without a penalty, Taylor considered SMI in breach of the lease, and SMI should come pick up the equipment.

Taylor contends that it should have been allowed to upgrade without a penalty at any time during the lease term after the initial twenty-four months. SMI's position is that Taylor had only a reasonable time at the end of twenty-four months to upgrade without a penalty. Based on jury findings, stipulations, and express findings by the trial court, judgment was rendered for SMI for common law anticipatory breach of contract.

Taylor initially contends that the trial court erred in denying its motions for judgment non obstante veredicto and directed verdict because the lease provision in question permitted it to upgrade without a penalty at any time during the lease term as a matter of law, and therefore, SMI's refusal to permit Taylor to do so constituted a breach, thereby discharging Taylor from its lease obligations. We disagree.

■ The phrase in question is "at the end of 24 months without penalty." Taylor states in its brief, that "if there is anything which can be said with certainty about the meaning to be attached to the phrase 'at the end of,' it is that the phrase has no certain or fixed meaning." We agree that this phrase is ambiguous. We hold that it could be construed to mean that Taylor could upgrade without a penalty within a reasonable time or at any time after the initial twenty-four months of the lease. Because the provision did not have one fixed meaning, the trial court properly admitted evidence of the circumstances surrounding the making of the contract, the intent of the parties, their understanding of the agreement, and their construction of the provision. *Martin v. Davis Constructors Inc.*, 552 S.W.2d 873, 878 (Tex.Civ. App.—San Antonio 1977, writ ref'd n.r.e.). The jury then properly determined the ambiguous intent of the parties. *Trinity Universal Insurance Co. v. Ponsford Brothers*, 423 S.W.2d 571, 575 (Tex.1968); *Corpus Christi National Bank v. Lowry*, 662 S.W.2d 402, 405 (Tex.App.—Corpus Christi 1984, no writ). The provision did not have one meaning as a matter of law, and Taylor's motions for judgment non obstante veredicto and directed verdict were properly denied.

■ Taylor next contends that there are no pleadings to support the damage award. We disagree. Pleadings are to be construed liberally in favor of the pleader. We must look to the pleader's intendment, and the pleading will be upheld even if some element of a cause of action has not been specifically alleged. *Roark v. Allen*, 633 S.W.2d 804, 809 (Tex.1982). SMI's pertinent pleadings were as follows:

Defendant sent to Plaintiff a letter informing Plaintiff that Defendant no longer intended to pay rent as per the terms of the Equipment Lease Agreement. . . .

Defendant's wrongful expression of intent to discontinue rental payments constitutes an anticipatory repudiation of the Equipment Lease Agreement and thus renders Defendant in default under the terms of the Lease Agreement.

We hold that SMI sufficiently pleaded the common law action of anticipatory breach of contract. *See Hardin Associates Inc. v. Brummett*, 613 S.W.2d 4, 6 (Tex.Civ.App.

—Texarkana 1980, no writ). Further, despite its failure to specifically plead for damages for common-law anticipatory breach, SMI's general prayer is sufficient to support an award of damages raised by the evidence and consistent with the allegations in the petition. *Sherrod v. Bailey,* 580 S.W.2d 24, 29 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.).

Taylor also contends that there is no, or insufficient, evidence to support the damage award. We agree that there is no evidence of the proper present value discount rate, and we agree that there is an $800 error in the judgment regarding the amount proved in mitigation of the damages. All other elements of the damages, however, were sufficiently proved.

■■■ When a party who is obligated to make future payments of money to another absolutely repudiates the obligation without just excuse, the obligee is entitled to maintain his action for damages at once for the entire breach, and is entitled in one suit to receive in damages the present value of the future payments payable to him by virtue of the contract. *Universal Life & Accident Ins. Co. v. Sanders,* 129 Tex. 344, 102 S.W.2d 405 (Tex.Com.App.1937, opinion adopted); *Pollack v. Pollack,* 39 S.W.2d 853 (Tex.Com.App.1931, holding approved), on second motion for rehearing, 46 S.W.2d 292 (Tex.Com.App.1932); *Hardin,* 613 S.W.2d at 6. It is undisputed that the lease was repudiated and that thirty-five months rent at $5,212 per month was not paid. It is undisputed that eighteen of the thirty-five months had passed at the time of trial. There is uncontroverted evidence that when the equipment was repossessed, it was sold for $10,000, not $10,800 as the judgment recites. When the damage components are undisputed or uncontroverted, it is unnecessary to submit a damage issue to the jury. *Henshaw v. Kroenecke,* 656 S.W.2d 416, 420 (Tex.1983). Consequently, the trial court was correct in calculating the rentals owed from repudiation to the time of trial and in adding six percent prejudgment interest. TEX.REV.CIV. STAT.ANN. art. 506–1.03 (Vernon Supp.

1984). We hold that the evidence is sufficient to support this portion of the damage award. We modify this part of the judgment by $800, however, to conform the judgment to the evidence.

According to our calculations, prejudgment interest on the rental payments coming due between repudiation and the time of trial was more than the $4,585 awarded by the trial court. SMI, however, does not challenge the correctness of the award by a cross point. Accordingly, we do not disturb the amount of money awarded by the trial court for prejudgment interest. *Irrigation Construction Co. v. Motheral Contractors, Inc.,* 599 S.W.2d 336, 343 (Tex. Civ.App.—Corpus Christi 1980, no writ).

■■■ With regard to the seventeen months' rentals due after the time of trial, there is no evidence of the proper present value discount rate. The trial judge orally stated that he took judicial notice of that rate. In Texas, however, specific evidence of the present value discount rate is not required and the trial court may determine the present value of future damages. *Missouri Pacific Railroad Co. v. Kimbrell,* 160 Tex. 542, 334 S.W.2d 283 (1960).

■■■ Taylor next contends that the trial court erred in awarding damages because its factual finding of damages was not authorized by TEX.R.CIV.P. 279. We disagree. The elements of common law anticipatory breach are:

(1) the defendant absolutely repudiated the obligation

(2) without just excuse

(3) plaintiff was damaged thereby

*Hardin,* 613 S.W.2d at 6. Repudiation of the obligation and the existence of damage were undisputed. It was, therefore, unnecessary to submit special issues on those elements. *Sullivan v. Barnett,* 471 S.W.2d 39, 44 (Tex.1971); *Hughett v. Dwyre,* 624 S.W.2d 401, 403 (Tex.App.— Amarillo 1981, writ ref'd n.r.e.). The question then, is whether special issues two and three ask the jury for a finding on the element of "without just excuse" or whether SMI has waived recovery under common

law anticipatory breach by not having submitted or requested issues on that disputed element. TEX.R.CIV.P. 279.

 Those issues are as follows:

SPECIAL ISSUE NO. 2

Do you find from a preponderance of the evidence that Systems Marketing and Taylor Publishing mutually intended their letter agreement on June 16, 1977, to permit termination for the purpose of upgrade without penalty (a) at any time following the first 24 months of their equipment lease; or (b) within a reasonable time after the 24th month of their lease agreement?

ANSWER: b.

If you have answered Special Issue No. 2 "b", then answer Special Issue No. 3; otherwise, do not answer Special Issue No. 3.

SPECIAL ISSUE NO. 3

Do you find from a preponderance of the evidence that Taylor Publishing's request for upgrading of the equipment, without penalty, was made within a reasonable time following the 24th month of their lease agreement?

You are instructed that "within a reasonable time" as used in the above issue means that period of time within which a reasonable person, under the same or similar circumstances as exist in this case, would have requested an upgrade of their equipment lease agreement without penalty.

ANSWER: They did not.

We hold that the submission of those issues asked the jury for a finding on the "without just excuse" element of anticipatory breach. Because upgrade without a penalty apparently would have been possible at some time, the jury finding, that Taylor was unreasonable when it did request an upgrade without a penalty, indicates that Taylor incorrectly interpreted the lease and misconstrued its legal effect in attempting to upgrade without a penalty at the time it tried to do so. It is uncontroverted that this incorrect interpretation was the reason Taylor repudiated. Accordingly, that finding is tantamount to a find-

ing that Taylor repudiated without just excuse. The trial judge properly rendered judgment for common law anticipatory breach because two of the elements of the cause of action were undisputed and the other was found by the jury. Because the damage components were undisputed, and only a mathematical computation was necessary to compute the damage total, no jury issue was required, *Henshaw*, 656 S.W.2d at 420, and the trial court properly entered a damage award.

 Taylor next contends that the trial court erred in overruling its objection to special issue two and in denying submission of its first requested special issue because the evidence shows that SMI's position at trial was that Taylor had only one day on which to upgrade the lease without a penalty, and not a reasonable time after 24 months, the alternative reflecting SMI's position given to the jury. We disagree. The thrust of the testimony was that SMI would allow an upgrade without a penalty within a reasonable time after the first twenty-four months of the lease. Although there was some testimony which if taken out of context might indicate that SMI would have allowed an upgrade without a penalty on one day only, that testimony was qualified with the explanation that, although technically upgrade would occur at a particular time, SMI always intended to allow a reasonable time to upgrade without a penalty.

 Taylor also contends that special issue number two was misleading and prejudicial. Taylor has waived these objections, however, because it failed to distinctly object to the issue on those bases. TEX. R.CIV.P. 274; *Missouri-Pacific Railroad Co. v. Kimbrell*, 160 Tex. 542, 334 S.W.2d 283, 285 (1960).

 Taylor next argues that the trial court erred in denying submission of its requested special issues on estoppel by silence. We disagree. The principle of estoppel by silence arises when a person is under a duty to another to speak, but refrains from doing so and thereby leads the

other to act in reliance on a mistaken understanding of the facts. *Storms v. Tuck,* 579 S.W.2d 447, 452 (Tex.1979); *A.R. Clark Investment Co. v. Green,* 375 S.W.2d 425 (Tex.1964). Taylor contends that SMI did not inform it, directly prior to repudiation, that the upgrade would be with a penalty, and consequently, SMI is now estopped from asserting that position. We disagree. The evidence shows that SMI sent Taylor two letters proposing an upgrade with a penalty. Taylor responded that the lease provided for upgrade at any time without a penalty. SMI sent another letter which Taylor concedes included the penalty amount disguised as a part of the monthly rental of the new equipment although it did not contain the word penalty. Taylor then sent SMI a letter stating that because SMI refused to allow an upgrade without a penalty, Taylor considered SMI in breach of the lease, and SMI should come pick up its equipment. We hold that the mere deletion of the word penalty from SMI's last letter does not now estop SMI from taking the position that it would only upgrade with a penalty at that time. We hold, that as a matter of law, Taylor knew that SMI was proposing an upgrade with a penalty, and therefore, Taylor did not act in reliance on a mistaken understanding of the facts (that Taylor was no longer charging a penalty). Because one element of the estoppel has been conclusively established against it, Taylor was not entitled to special issues on that defense. TEX.R.CIV.P. 279; *T.A. Manning & Sons, Inc. v. Ken-Tex Oil Corp.,* 418 S.W.2d 324, 326 (Tex. Civ.App.—Austin 1967, writ ref'd n.r.e.).

■ Taylor also contends that the jury finding, that SMI did not waive its claim that the lease did not permit an upgrade without a penalty in July, 1981, was against the great weight and preponderance of the evidence. Specifically, Taylor contends that at no time prior to Taylor's repudiation of the agreement did SMI state that the request for upgrade without a penalty was untimely. We disagree. We hold that SMI did communicate its position that Taylor's proposal for an upgrade without a penalty was untimely, and did not

intentionally relinquish or engage in intentional conduct inconsistent with claiming a known right. *United States Fidelity and Guaranty Co. v. Bimco Iron & Metal Corp.,* 464 S.W.2d 353, 357 (Tex.1971).

■ Taylor next contends that its special issues on fraud in the inducement were erroneously not submitted. We disagree. One of the elements of fraud is that a material representation must have been made. *Custom Leasing, Inc. v. Texas Bank & Trust Co.,* 516 S.W.2d 138 (Tex. 1974). Taylor relies on a representation by the president of SMI "that SMI would permit Taylor Publishing to upgrade the computer system leased under the agreements without penalty at any time after the expiration of the first 24 months of the lease term." There is evidence that Taylor would be able to upgrade *any time after 24 months,* and that Taylor could upgrade *without penalty after 24 months,* but no evidence that Taylor could upgrade *without penalty at any time after 24 months.* Accordingly, there is no evidence of anyone making the alleged misrepresentation upon which Taylor relies, and consequently, no evidence upon which to submit the fraud in the inducement issue to the jury.

■ Finally, Taylor contends that the trial court erred in denying its motion for judgment non obstante veredicto because the lease provision upon which SMI premised its claim for damages constitutes an unenforceable penalty and because there was no, or insufficient, evidence that the written notice, required as a condition to acceleration of the rental amounts sued for, was given. We disagree. It is immaterial whether the lease provision is unenforceable as a penalty or whether there was conformance with the notice provisions. The trial court rendered judgment and awarded damages based on the common law action of anticipatory breach and not upon the lease provisions. Even if a contract clause is construed as an unenforceable penalty, a party may still recover its actual damages for anticipatory breach. *Walter E. Heller & Company v. Allen,* 412

S.W.2d 712, 719 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.).

Appellant's points of error are overruled and we affirm the judgment of the trial court. We modify it, however, by $800 to conform the judgment to the evidence as to the amount by which SMI was able to mitigate its damage by selling the equipment. Costs taxed four-fifths to Taylor, one-fifth to Systems Marketing Incorporated.