David Lee LEWIS *v.* STATE of Arkansas

CR 85-223                                    771 S.W.2d 773

Supreme Court of Arkansas
Opinion delivered June 26, 1989

*Appellant*, pro se.

No response.

PER CURIAM. Petitioner was found guilty by a jury of aggravated robbery and first degree battery and sentenced as a habitual offender to consecutive prison terms of thirty and twenty-four years. We affirmed. *Lewis v. State*, 288 Ark. 595, 709 S.W.2d 56 (1986). Soon after the judgment was affirmed, petitioner filed a petition and an amended petition to proceed pursuant to Criminal Procedure Rule 37. We denied the petition. *Lewis v. State*, CR 85-223 (October 13, 1986). About a year later petitioner again sought post-conviction relief in this court, but the petition was declined in accordance with Rule 37.2(b) which provides that all grounds for relief must be raised in the original petition unless the petition was denied without prejudice to filing a subsequent petition. Petitioner had not been granted permission to file a subsequent petition. Approximately two years later petitioner again sought to file a petition for post-conviction relief

and was again informed of the provisions of Rule 37.2(b).

▇ Petitioner has now submitted yet another petition under Rule 37. He ignores Rule 37.2(b) and argues only that the conviction and sentence for the crime of battery in the first degree are void. He bases the conclusion on the claim that under the felony information filed in this case the proof required to prove aggravated robbery necessarily included proof of the battery. He overlooks, however, that he was charged by amended felony information with separate offenses of aggravated robbery and battery in the first degree. We have held that one can commit aggravated robbery merely by committing robbery and being armed with a deadly weapon or representing that he is so armed. Ark. Code Ann. § 5-12-103(a)(1)(2) (1987) [Ark. Stat. Ann. § 41-2102 (Repl. 1977)]. To commit first degree battery, one must actually inflict serious injury. Ark. Code Ann. § 5-13-201(a)(1) (1987) [Ark. Stat. Ann. § 41-1601 (Repl. 1977). *Foster* v. *State*, 275 Ark. 427, 613 S.W.2d 7 (1982). As petitioner was charged and convicted of two separate, distinct crimes, the conviction for battery is not void.

▇ Petitioner's disregard of the provision of Rule 37.2(b) which limits the number of petitions under the rule is blatant. This court will not accept any further petitions for post-conviction relief from this petitioner.

Petition dismissed.