# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR RECONSIDERATION EN BANC

## NO. 03-08-00679-CV

**Tariq Majeed, Appellant**

**v.**

**Sajjad Hussain, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
## NO. D-1-GN-01-001209, HONORABLE GUS J. STRAUSS, JR., JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

En banc consideration is warranted here. *See* Tex. R. App. P. 41.2(c). The issue presented is whether, based upon common sense and general experience, the jury was competent to determine that the complete lack of a secure transaction window at a "drive-thru" convenience store in the "highest crime area" in Austin was a cause in fact of injury to Sajjad Hussain, the store's cashier, when he was permanently blinded in one eye by a can thrown through the open space of the missing window.

Reversing the jury's verdict in favor of Hussain, the majority panel opinion appropriates the jury's common sense and general experience to make this type of elemental and recurring determination. *See Guevara v. Ferrer*, 247 S.W.3d 662, 666 (Tex. 2007) (submission of

causation issue to a jury is warranted when, under the evidence, layperson's "general experience and common sense" will enable a layperson "to determine, with reasonable probability, the causal relationship between the event and the condition").

The majority panel reverses the jury's verdict by concluding that, even if the transaction window "had not been broken and consisted of bulletproof glass," there was no evidence that it would have prevented the assault because it "remains speculative on this record whether or not the window would have been closed at the time Hussain's assailant threw the can." The majority panel improperly substitutes its own view of the evidence for the jury's on a cause-in-fact issue in which any layperson is as competent to make the determination as the most experienced court. *See id.*; *see also Del Lago Partners v. Smith*, 307 S.W.3d 762, 774-75 (Tex. 2010) (court concluded that jury could have found "mere presence of uniformed security personnel" could have defused the situation and prevented the "violent brawl at closing time" at a bar or that the jury could have reasonably determined that the bar's personnel "moved too slowly to notify security after the fight broke out, and that this delay was a proximate cause of [patron's] injuries"); *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360-61 (Tex. 2000) (whether lack of top railing unreasonable within "average juror's common knowledge"); *Havner v. E-Z Mart Stores, Inc.*, 825 S.W.2d 456, 459 (Tex. 1992) (even though exact circumstances of the murder of the store clerk were unknown, there was some evidence to support plaintiff's theory and plaintiff not required to negate all other possible causes); *Missouri Pac. R.R. v. Kimbrell*, 334 S.W.2d 283, 286 (Tex. 1960) (jury may consider as proven any matter that is in common knowledge of community).

For these reasons, I respectfully dissent from the denial of Hussain's motion for en banc reconsideration.

_____

Jan P. Patterson, Justice

Before Chief Justice Jones, Justices Patterson, Puryear, Pemberton, Henson and Rose

Filed:   December 22, 2010